**MUTÚAL LUMBER CO. v. POE, Collector of Internal Revenue.**

District Court, W. D. Washington, S. D. January 10, 1929.

No. 6220.

Charles E. McCulloch and Carey & Kerr, all of Portland, Or., for plaintiff.

Anthony Savage, U. S. Atty., of Seattle, Wash., John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash., and George G. Witter, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for defendant.

CUSHMAN, District Judge (after stating the facts as above). It is not necessary to discuss under separate heads all of the questions which are presented above and in the briefs. Points 3, 4, and 5 will now be considered.

Section 277 (a) (1) and (2) of the Revenue Act of 1924 (43 Stat. at Large, part 1, p. 299 [26 USCA § 1057, note]) and section 277 (a) (2) and (3) of the Revenue Act of 1926 (44 Stat. at Large, part 2, p. 58 [26 USCA § 1057]), but for the written waiver, would conclude the question involved.

Plaintiff's waiver of November 14, 1925, signed by the Commissioner as well as the plaintiff, is as follows:

"In pursuance of the provisions of existing internal revenue laws, Mutual Lumber Company, a taxpayer of Bucoda, Washing-ton, and the Commissioner of Internal Revenue hereby waive the time prescribed by law for making any assessment of the amount of income, excess profits, or war profits taxes due under any return made by or on behalf of said taxpayer for the year (or years) 1920 and 1921 under existing revenue acts, or under prior revenue acts.

"This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals, then said date shall be extended sixty days, or (2) if an appeal is filed with said board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said board."

Section 278 (c) of the Act of 1924 (43 Statutes at Large, part 1, p. 300 [26 USCA § 1060]) provides:

"(c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon."

Under this section the Commissioner can consent to nothing except a delay in the assessment of the tax.

Section 277 (b) of the foregoing act (43 Statutes at Large, part 1, p. 299 [26 USCA § 1057, note]) provides:

"(b) The period within which an assessment is required to be made by subdivision (a) of this section in respect of any deficiency shall be extended (1) by 60 days if a notice of such deficiency has been mailed to the taxpayer under subdivision (a) of section 274 and no appeal has been filed with the Board of Tax Appeals, or (2) if an appeal has been filed, then by the number of days between the date of the mailing of such notice and the date of the final decision by the board."

It will be noted that the second section of the plaintiff's waiver does not follow exactly the statute. The court can give no other or further effect to the second paragraph of the waiver than to recognize it as evidence that plaintiff, through abundant caution, sought to show a purpose not to waive the provisions of section 277 (b), a full understanding of which requires consideration of section 274 (a) (b) and (c), infra (26 USCA § 1048, note, § 1049, note, and § 1050, note), providing for notice of deficiency and regulating appeal. If the provisions of these sections of the law

are not applicable in a suit of this character without consent, they could not be made applicable by an agreement between the plaintiff and the Commissioner. There is no authority conferred on the Commissioner to give a conditional consent.

Section 278 (c), supra, provides that, in cases where the Commissioner and taxpayer have consented, "the tax may be assessed at any time prior to the expiration of the period agreed upon." Was it the intent by this provision to limit the time to the agreed period to the exclusion of the 60-day extension provided for in section 277 (b), supra, to be considered with section 274 (a) (b) and (c), infra? Ordinarily statutes of limitation fix a period within which an action shall be begun. From sections 274, 277, and 278 it would appear that a period was fixed, not only as to the time within which the proceeding (making a deficiency assessment) should be begun, but also the time within which it should, in the absence of an appeal by the taxpayer, be completed.

The finding of the deficiency, of which the Commissioner notifies the taxpayer, which precedes the assessment, is, if there be no appeal by the taxpayer to the Board of Tax Appeals, conclusive as to the amount of the assessment. Section 274 (c), infra. Therefore, in all save the name in such case, the deficiency found by the Commissioner, and notice of which he gives the taxpayer, is an assessment.

Section 274 (43 Statutes at Large, part 1, p. 297), in so far as applicable, provides:

"(a) If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the taxpayer, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 60 days after such notice is mailed the taxpayer may file an appeal with the Board of Tax Appeals established by section 900. * * *

"(c) If the taxpayer does not file an appeal with the board within the time prescribed in subdivision (a) of this section, the deficiency of which the taxpayer has been notified shall be assessed, and shall be paid upon notice and demand from the collector. * * * *"

A part of the uncertainty regarding the legislative intent arises from the phrase with which section 277 commences. This is as follows:

"Sec. 277(a) Except as provided in section 278 and in subdivision (b) of section 274 and in subdivision (b) of section 279—"

The reference here made to section 278 includes, if it is not limited to, subsection (c), supra, of that section, but the part of section 274 following marginal (b) is as follows:

"(b) If the board determines that there is a deficiency, the amount so determined shall be assessed and shall be paid upon notice and demand from the collector. No part of the amount determined as a deficiency by the Commissioner but disallowed as such by the board shall be assessed, but a proceeding in court may be begun, without assessment, for the collection of any part of the amount so disallowed. The court shall include in its judgment interest upon the amount thereof at the rate of 6 per centum per annum from the date prescribed for the payment of the tax to the date of the judgment. Such proceeding shall be begun within one year after the final decision of the board, and may be begun within such year even though the period of limitation prescribed in section 277 has expired."

It will be noted from the foregoing that there is therein no reference to the time within which the Commissioner shall make or complete his assessment, yet the four paragraphs of section 277, following the introductory phrase above quoted, have entirely to do with the time such assessments shall be made. It is therefore necessary to look beyond what would ordinarily be understood by the reference in that phrase "in subdivision (b) of section 274." Subsection (a) of section 274, which immediately precedes subsection (b), above quoted, provides:

"(a) If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the taxpayer, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 60 days after such notice is mailed the taxpayer may file an appeal with the Board of Tax Appeals established by section 900."

Because of the arrangement of the paragraphs of section 274, subsection (a) becomes a material part of subsections (b) and (c), if not of the other subsections; (b) and (c) are subsections dependent upon subsection (a). This being true it is necessary in construing the reference in section 277 to (b) of section 274 to consider subsection (a) of the last-mentioned section in conjunction with that part of the section following marginal (b). It in part provides:

"But such deficiency shall be *assessed only as hereinafter provided.* Within 60 days after such notice is mailed the taxpayer may

file an appeal with the Board of Tax Appeals established by section 900." (Italics the court's.)

The use of the words "assessed only as hereinafter provided," considered with section 274 (b) and (e), and section 277 (b), make it manifest that the intent was that the notice of deficiency might be mailed at any time before the expiration of the periods fixed in subsections (1) and (2) of section 277 (a). They contain the incidental provisions necessary to afford the taxpayer reasonable notice of the time for his appeal, while at the same time safeguarding any right of tax assessment of the government jeopardized by delay consequent upon the statutory notice and exercise of appeal by the taxpayer.

Construing (a) and (b) of this section as the part of section 274 to which reference is made in the opening phrase of section 277, in connection with section 277 (b), it is clear that the limitation of section 277 (a) (1) and (2), which would control the time for assessment in this case, but for the waiver, is, by such introductory reference in section 274 (b), extended for 60 days, in cases where a notice of deficiency is mailed as provided in section 274.

In the introductory reference of section 277 to (b) of section 274 and section 278, the latter providing for the extension of time for assessments by consent, there is nothing to show a purpose to subordinate either of the references to the other. There is no difficulty in applying all of the provisions in question, if the extension of the periods by the waiver is solely to fix the date of limitation, otherwise fixed by sections (1) and (2) of section 277 (a), unaffected by subsection (b) of section 277, or by section 274 (a) and (b). No reason is disclosed by the statute, the situation created by the waiver, nor suggested by counsel, why a taxpayer waiving the statute of limitations, should be deprived of the right to appeal to the Board of Tax Appeals from an assessment thereafter made, which would be the result unless section 274 (a) and (b) and section 277 (b) are applicable in cases of waiver; it is held that the effect of the above waiver and provisions of the law of 1924 and the taking of no appeal to the Board of Tax Appeals by the plaintiff was to extend by 60 days the period provided by section 277 (a) (1) and (2), as extended by the waiver, for making the assessment; that is, 60 days after December 31, 1926.

A further question to be considered is whether a second waiver, executed by the plaintiff, considered in connection with certain changes made by the Revenue Act of 1926, made mandatory an earlier assessment than the one made by the Commissioner. The Revenue Act of 1926 became a law February 26, 1926. Without the waiver already considered, and exclusive of the provision, where there is no appeal, for extension of 60 days by the 1924 act and 120 days by the 1926 act, assessment might have been made in the matter of a tax for 1920 as late as April 14, 1926, and for the tax of 1921 as late as June 15, 1926.

By the Revenue Act of 1926, which, as pointed out, became a law prior to either of said last-mentioned dates, a change was made in section 274 (a), supra. In the latter statute (44 Statutes at Large, part 2, p. 55) it is provided:

"Sec. 274. (a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the board, until the decision of the board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

The later statute (44 Statutes at Large, part 2, p. 58), section 277 (b), provides:

"(b) The running of the statute of limitations provided in this section or in section 278 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 274) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for 60 days thereafter."

After the running of the statute under the

law, unaided by the waiver, but before the expiration of the time as extended by the waiver, on December 3, 1926, the plaintiff filed with the revenue agent in charge at Seattle a waiver of its right to file a petition with the Board of Tax Appeals. This waiver is as follows:

"Treasury Department, Internal Revenue Service Form 870, Revised July, 1926.

"Waiver of Right to File a Petition with the United States Board of Tax Appeals.

"File 3996–W.

"The undersigned taxpayer hereby waives the right to file a petition with the United States Board of Tax Appeals under section 274 (a) of the Revenue Act of 1926, and consents to the assessment and collection of a deficiency in tax for the year or years 1920 and 1921 aggregating $26,175.61, as indicated in the statement of the internal revenue agent in charge at Seattle, Washington dated November 23, 1926. Mutual Lumber Company (Name) Bucoda, Washington (Address) By P. F. Knight Secy.-Treas.

"Date December 2, 1926.

"Note.—This waiver does not extend the statute of limitations for refund or assessment of tax, and is not an agreement as provided under section 1106 of the Revenue Act of 1926, but its execution and filing at the address shown in the accompanying letter will expedite the adjustment of your income tax liability as indicated above."

This waiver of consent was not signed by the Commissioner, nor is his consent thereto in writing shown, as provided in section 278 (c). The effect of this the court does not find it necessary to consider.

█ The question presented is whether this waiver, considered in connection with section 277 (b) of the later act, quoted above, stopped the running of the statute. If such was the effect, it is because the suspension of the running of the statute of limitations by this section is only "for the period during which the Commissioner is prohibited from making the assessment," and that that prohibition was removed by the waiver.

Clearly the period during which the Commissioner is prohibited from making the assessment contemplated was that imposed by section 274 (a) of the act of 1926, above quoted. It is not reasonable to conclude that by such a waiver a taxpayer could so stop the running of the statute as to require the Commissioner to assess instanter upon the filing of the taxpayer's waiver.

Points 5 and 6 above, stated from plaintiff's brief, may be considered together. Plaintiff's case in these particulars is made to depend upon treating the second paragraph of the first waiver as a matter of contract. The statute of limitations is not an unwritten term in every contract, and although it be conceded that between private individuals by express contract an existing statute of limitations might be so made a term of a contract as to deny effect to a change in the statute, such is not the present case. Standing alone, the statute of 1924, providing, where there was no appeal, for a 60-day extension of the periods fixed in section 277 (a) (1) and (2), was subject to change by Congress affecting pending controversies. The act of 1926 (section 277 (b) supra), before the expiration of the time allowed under the act of 1924, made such change and suspended the statute of limitations for 120 days, instead of 60 days, as provided by the 1924 act, within which extended time the assessments in question in this case were made.

There was no authority in the Commissioner, expressly or impliedly conferred, to, by a contract, deprive Congress of authority to change such periods. To so construe the waiver would be injecting into it a void condition. It is more reasonable to conclude, as already stated, that plaintiff, by the second paragraph of the first waiver, sought to express a purpose not to waive the provisions of section 277 (b) and section 274 (a) and (b) of the act of 1924.

Judgment will be for the defendant, to be settled upon notice.