**MUTUAL LUMBER CO. v. POE, Collector of Internal Revenue.**

No. 6143.

Circuit Court of Appeals, Ninth Circuit.

Nov. 10, 1930.

Charles E. McCulloch, Ivan F. Phipps, and Carey, Hart, Spencer & McCulloch, all of Portland, Or., for appellant.

Anthony Savage, U. S. Atty., of Seattle, Wash., John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash. (C. M. Charest, Gen. Counsel, and John R. Wheeler, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and WEBSTER, District Judge.

WILBUR, Circuit Judge.

This action was brought by the appellant to recover $30,770.37 deficiency income taxes paid by it to the government on April 26, 1927, for the years 1920 and 1921. The sole question presented by the record, as stated by the appellant, is whether or not the statutory period of limitation for the assessment of such taxes had expired at the time assessment was made, on March 5, 1927. The time for the assessment of the deficiency would have expired for the year 1920 on the 14th of April, 1926, and for the taxes of 1921 on the 14th of June, 1926. (Section 277(a) (2), Revenue Act of 1926 [26 USCA § 1057(a) (2)] and section 277(a)(1, 2), Revenue Act of 1924 [26 USCA § 1057 note]). However, on the 14th of November, 1925, appellant entered into an agreement with the Commissioner of Internal Revenue, authorized thereto by section 278(c) of the Revenue Act of 1924 (43 Stat., pp. 299, 300), that the assessment for the amount of income, excess profits, or war profits due on returns made for the year 1920–21 might be made on or before December 31, 1926, except that the agreement provided for an assessment sixty days thereafter, if an appeal was filed with the Board of Tax Appeals.

On December 2, 1926, appellant, at Bucoda, Wash., signed a waiver of his right to

appeal, and on December 3, 1926, filed the same with the Internal Revenue Agent in charge at Seattle, Wash., as follows:

"Treasury Department, Internal Revenue Service.

"Form 870. Revised July, 1926.

"Waiver of Right to File a Petition with the United States Board of Tax Appeals.

"File 3996-W.

"The undersigned taxpayer hereby waives the right to file a petition with the United States Board of Tax Appeals under section 274(a) of the Revenue Act of 1926 (26 USCA § 1048), and consents to the assessment and collection of a deficiency in tax for the years 1920 and 1921, aggregating $28,175.61, as indicated in the statement of the Internal Revenue Agent in Charge at Seattle, Washington, dated November 23, 1926.

"Mutual Lumber Company, (Name)
"Bucoda, Washington, (Address)
"By P. F. Knight, Secy.-Treas.
"Date: December 2, 1926.

"Note.—This waiver does not extend the statute of limitations for refund or assessment of tax, and it is not an agreement as provided under section 1106 of the Revenue Act of 1926, but its execution and filing at the address shown in the accompanying letter will expedite the adjustment of your income tax liability as indicated above."

The commissioner had written from Washington, D. C., under date of December 1, 1926, to the appellant at Bucoda, Wash., requesting new waivers extending the period for assessing the tax until December 31, 1927. The proposed additional waivers so requested were not made, and on December 16, 1926, the commissioner mailed from Washington, D. C., to the appellant at Bucoda, Wash., by registered mail, a 60-day deficiency notice with respect to the deficiencies of 1920 and 1921, which notice stated that the examination of the tax returns of the appellant for the years 1920 and 1921 discloses an additional tax amounting to $28,175.61. This letter also states that:

"In accordance with the provisions of section 274 of the Revenue Act of 1926 you are allowed sixty days from the date of mailing this letter within which to file a petition for the redetermination of this deficiency. Any such petition must be addressed to the United States Board of Tax Appeals, Earle Building, Washington, D. C., and must be mailed in time to reach the Board within the 60-day period, not counting Sunday as the 60th day. * * *

"If you acquiesce in this determination and do not desire to file a petition with the United States Board of Tax Appeals, you are requested to execute a waiver of your right to file a petition with the United States Board of Tax Appeals on the inclosed Form A, and forward it to the Commissioner of Internal Revenue, Washington, D. C., for the attention of IT:CR:D-60D-JAPF."

Attached to said notice was a statement based upon a report of the revenue agent dated July 23, 1926, fixing a deficiency tax for 1920 of $25,994.93 and for 1921 of $2,180.68, total $28,175.61. This statement also contained the following:

"Waivers which expire December 31, 1926, are on file for the years 1920 and 1921."

Thereafter, on March 5, 1927, taxes were assessed for the amount of $28,175.61 and interest of $1,589.61 upon the taxes assessed for 1920, and interest at $600.61 upon the taxes assessed for 1921. Subsequently, on April 27, 1927, the above-mentioned taxes and interest were paid under protest, together with an additional amount of interest of $366.53 on the tax of 1920, and additional interest of $37.95 on the tax of 1921, assessed for failure to pay taxes on the date of the first demand, making a total tax collected of $30,770.37. Section 274(a) of the Revenue Act of 1926 (44 Stat. part 2, p. 9, 55, 26 USCA § 1048), in force when deficiency notice was mailed and when the tax was assessed, provides for an appeal within sixty days after the deficiency notice is mailed and among other things provides that no deficiency tax shall be assessed during that sixty-day period. It is further provided by that act (section 277(b), 44 Stats., part 2, p. 58, 26 USCA § 1057(b)), that after the notice of deficiency the running of the statute of limitations for the making of assessments in respect of any deficiency shall be suspended "for the period during which the Commissioner is prohibited from making the assessment * * * and for 60 days thereafter." This suspension in the case at bar would be 120 days after December 16, 1926. In addition to this period of suspension, the time had yet to run for fifteen days before the limit was reached. Appellant, however, contends that the proposed waiver of appeal above quoted permitted the assessment to be made at once and that therefore, as there was no period wherein the Commissioner of Internal Reve-

nue was prohibited from making the assessment, that the assessment could have been made at once, and not having been made before December 31, 1926, or sixty days thereafter, in accordance with the original waiver of November 14, 1925, it was too late.

It is a sufficient answer to this contention to point out that the appellant's waiver of December 2, 1930, was not filed with the Commissioner, as required by the law (section 274(d), 26 USCA § 1048b, 44 Stat. 55). This section provides as follows:

"The taxpayer shall at any time have the right, by a signed notice in writing filed with the commissioner, to waive the restrictions provided in section 1048 of this title on the assessment and collection of the whole or any part of the deficiency."

The stipulation is that it was filed with the Internal Revenue Agent in Charge at Seattle, Wash. In view of the claim that this waiver shortened the period within which the commissioner could assess the tax, it is obviously important that the waiver be filed with the commissioner as the statute provides. Upon the authority of United States v. Real Estate Savings Bank, 104 U. S. 728, 26 L. Ed. 908, it is urged that a filing with the Internal Revenue Agent in Charge at Seattle was in effect a filing with the commissioner. As we understand that case, it merely holds that the Commissioner of Internal Revenue or the Secretary of the Treasury may, by proper rules, so regulate the internal affairs of the department as to designate a representative of the commissioner with whom papers may be filed for him, and when so filed they are in legal effect filed with him. This conclusion, while partly based upon considerations not applicable here, would perhaps apply to such waiver as the appellant filed, if and when the department so provides. The stipulation of facts herein does not state that the waiver was filed with the commissioner or that the person with whom it was filed represented him for that purpose. It is evident that the considerations which lead to the conclusion that where a claimant was required to file a claim within a given time with the commissioner he had complied with the law by filing it with a duly authorized agent, would not apply to a situation where the commissioner is required to act within a given time after a waiver was filed with him, or where his action is to be controlled by the fact that a waiver had been filed. In such a case it is evident that the filing of the waiver should be either with the commissioner or with some

one properly authorized by departmental regulations to make the assessment for him.

■■ There is another objection to this waiver which we mention with some hesitancy because the waiver is written on a form provided by the Treasury Department and apparently conforms thereto, and the point is not mentioned or discussed in the briefs. That is, that the waiver of the taxpayer does not conform to the statute (section 1048b, supra) in that the waiver therein authorized to be made by the taxpayer and filed with the commissioner is a waiver of the "restrictions provided in section 1048 [274(a)] of this title on the assessment * * * of the whole or any part of the deficiency." That section provides, among other things, that "no assessment of a deficiency [etc.], * * * shall be made * * * until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the board, until the decision of the board has become final." There are in this section three restrictions upon the power of the commissioner. Before he is authorized to assess the tax, he is required to send a notice of the deficiency to the taxpayer by registered mail; he is then required to wait sixty days thereafter before assessing the tax, if there is no appeal, and if a petition of appeal is filed he must wait further for the final decision thereon. Now a waiver of the appeal, if valid, would, of course, render unnecessary the suspension of the power of assessment for the latter two periods, but an agreement which merely waives this right of appeal would not conform to section 1048b, 26 USCA, above quoted, because the latter requires a waiver of all the restrictions of 26 USCA § 1048, of which the requirement of notice of deficiency is one. Hence, the waiver does not conform to the statute authorizing a waiver to be made.

In view of the provisions of 26 USCA § 1048, the deficiency notice is a limitation upon the power of the commissioner and hence unless waived by the taxpayer he cannot be said to have waived the restrictions of section 1048, and unless they are all waived they all apply because the waiver is only effective when all are waived. It should be here noted that the requirement of a notice of deficiency does not prevent an assessment of the tax without such notice where delay would jeopardize its collection (section 1051, note 26 USCA, Act June 2, 1924, § 274(d), 43 Stat. 297, section 279(a to g), 44 Stat. 59 (26 USCA § 1051); Veeder v. Commissioner of In-

ternal Revenue (C. C. A.) 36 F.(2d) 342, in which case the taxpayer must be notified thereof within sixty days. This, however, does not alter the fact that the waiver of the taxpayer to conform to the law must waive the restrictions of another section which expressly requires a notice of a proposed deficiency assessment. We do not, however, base our decision on this point, merely stating it in order that the parties may have the opportunity to present their arguments thereon in the event the question arises hereafter.

Judgment affirmed.

WEBSTER, District Judge, concurs.