**E. E. ATKINSON & CO. v. WILLCUTS, Collector of Internal Revenue.**

No. 9121.

Circuit Court of Appeals, Eighth Circuit.

Aug. 27, 1931.

Rehearing Denied Oct. 13, 1931.

Robert M. Works, of Minneapolis, Minn., for appellant.

Martin W. Goldsworthy, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Lewis L. Drill, U. S. Atty., of St. Paul, Minn., on the brief), for appellee.

Before KENYON and BOOTH, Circuit Judges, and DEWEY, District Judge.

DEWEY, District Judge.

This was a suit for recovery on a deficiency assessment and payment of income and profits taxes alleged to have been illegally exacted from appellant for the taxing years ending January 31, 1919, and January 31, 1920. On March 26, 1919, E. E. Atkinson & Co., a corporation, made to the collector of internal revenue of the district of Minnesota a tentative return and on July 19, 1919, a completed return for the income and profits taxes of the corporation for the period ending January 31, 1919. There was also a tax return filed with said collector of internal revenue by the corporation for the fiscal year ending January 31, 1920, but the record does not disclose the date when this return was made or filed.

The Commissioner of Internal Revenue asserted deficiencies for these years in a registered letter under section 274 of the Revenue Act of 1924 (26 USCA § 1048 note et seq.), dated February 10, 1926, as follows:

| Fiscal year ended | Deficiency |
| --- | --- |
| January 31, 1919 | $21,505.70 |
| January 31, 1920 | 1,420.01 |
| Total | $22,925.71 |

The deficiencies were assessed against the plaintiff on April 26, 1926, and were collected and paid as follows:

Fiscal year ended January 31, 1919.

| Date of Collection or Credit | Amount |
| --- | --- |
| Collection—February 24, 1926,... | $ 8,314.54 |
| Credit—April 27, 1926,......... | 10,414.07 |
| Collection—September 3, 1926,... | 2,992.15 |

Total tax and interest.....$21,720.76

Fiscal year ended January 31, 1920.

Collection—February 24, 1926,...$1,434.21.

On December 10, 1928, the corporation filed a claim for a refund of the assessment and payment covering the income and profits taxes paid for the fiscal year ending January 31, 1919, and this claim for refund was denied by the Commissioner of Internal Revenue about February 8, 1929. A similar claim was filed for the refund of the deficiency assessment and payment for the fiscal year ending January 31, 1920, on or about February 27, 1929, and this claim for refund was denied by the Commissioner on or about May 6, 1929. These claims for refund were based on the ground that the statute of limitations against the assessment and the collection of the amount claimed as refundable had expired when it was assessed and collected, and on the further ground that such amounts were assessed during a period within which an assessment was prohibited by law.

On May 20, 1924, the taxpayer and Commissioner signed an income and profits tax waiver extending the period for the determination of the assessment and collection of the income and excess profits, or war profits taxes, for the fiscal year ending January 31, 1919, to be effective from May 20, 1924, for a period of one year. after the expiration of the statutory period of limitations. On January 29, 1925, a similar income and profits tax waiver was executed by the taxpayer and Commissioner extending the statutory period of limitations for an additional year.

A judgment was entered against the appellant, plaintiff below, and in favor of the government, after an order had been made overruling the demurrer of the plaintiff to the answer of the appellee, the facts appearing in the pleadings.

There are two questions raised on appeal: First, whether the assessment which was made April 26, 1926, was barred by the statute of limitations, and, second, whether the assessment was made within a period which was prohibited by the Revenue Act of 1926. We will discuss these questions raised in their order.

The statute of limitations governing the question is found in the 1921 Revenue Act, section 250 (d), 42 Stat. 264, and reads, so far as here material, as follows: "  *   *   * The amount of any such taxes due under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts, or under section 38 of the Act entitled 'An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,' approved August 5, 1909, shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this Act.  *   *   * "

The appellant contends that this statute of limitations commences to run from the date of the filing of the tentative return, which in this case was March 26, 1919, and that said period of limitations, as provided by the statute, of five years, together with the two periods of extensions by the waivers of one year each, would extend the time within which an assessment could be made only to March 26, 1926, and as the assessment was made April 26, 1926, it was beyond the period of the statute as extended by the waivers. The statute, however, commences to run from the date of the completed return, which in this case was July 19, 1919. This is determined by the case of Florsheim Bros. Co. v. United States, 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542. And the taxpayer relies upon this theory as to assessments which were made for both the fiscal years ending January 31, 1919, and January 31, 1920. The Supreme Court has definitely determined contrary to appellant's contention in this regard.

The government relies upon the two waivers above referred to. The one dated May 20, 1924, extends the period for one year after the expiration of the statutory period of limitations; the other waiver dated Jan-

uary 29, 1925, extends the period for one year after the expiration of the statutory period of limitations, or the statutory period of limitations as extended by section 277 (b) of the Revenue Act of 1924 (26 USCA § 1057 note) or by any waivers already on file. The waivers therefore extended the period for assessment and collection two years beyond that allowed by the statute which would carry it beyond April 26, 1926, the date when the assessment complained of was made. The appellant questions the validity of the waivers in that there is no allegation in the pleadings, from which the facts were considered as admitted, that the waivers were signed before the expiration of the statute of limitations. However, the full provisions of the waivers are set out and they purport to be signed as of the date thereof.

As to the other contention of the appellant, the relevant provisions of the statute are section 274 (a) and section 283 (e), both of the Revenue Act of 1926 (26 USCA §§ 1048, 1064 (c), reading, so far as here material, as follows:

"Sec. 274 (a). If in the case of any taxpayer, the commissioner determines that there is a deficiency in respect of the tax imposed by this title, the commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the board, until the decision of the board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

"Sec. 283 (e). If before the enactment of this Act the commissioner has mailed to any person a notice under subdivision (a) of section 274 of the Revenue Act of 1924 (whether in respect of a tax imposed by Title II of such Act or in respect of so much of an income, war-profits, or excess-profits tax imposed by any of the prior Acts enumerated in subdivision (a) of this section as was not assessed before June 3, 1924), and if the 60-day period referred to in such subdivision has not expired before the enactment of this Act and no appeal has been filed before the enactment of this Act, such person may file a petition with the Board in the same manner as if a notice of deficiency had been mailed after the enactment of this Act in respect of a deficiency in a tax imposed by this title. In such cases the 60-day period referred to in subdivision (a) of section 274 of this Act shall begin on the date of the enactment of this Act, and the powers, duties, rights, and privileges of the commissioner and of the person entitled to file the petition, and the jurisdiction of the Board and of the courts, shall, whether or not the petition is filed, be determined, and the computation of the tax shall be made, in the same manner as provided in subdivision (a) of this section."

The Revenue Act of 1926 went into effect on February 26, 1926, and prior to the date the assessment was made and complained of herein.

It is the claim of the appellant, if we understand it, that the above sections apply to his case in this: That before the enactment of the 1926 act the Commissioner had mailed a notice of a proposed deficiency; that the assessment was not made until after the act took effect; and that, under the provisions of section 283 (e) and this situation, he was given a new and additional right, to wit, an additional period of 60 days to file an appeal and within which time no assessment could be made. That, as he had never waived this additional right, the deficiency assessment made within that prohibited period was void. However, on February 13, 1926, and prior to the taking effect of the Revenue Act of 1926, the appellant herein filed with the collector of internal revenue for the District of Minnesota an instrument designated as an "Agreement Consenting to Assessment of a Deficiency," as follows:

"The undersigned taxpayer hereby waives the right of appeal under section 274 (a) of the Revenue Act of 1924 with respect to the items listed below * and consents to the immediate assessment of the deficiency in tax resulting therefrom. These items are included in a deficiency in tax aggregating $22,-925.71 as indicated by letter from the Commissioner of Internal Revenue, Washington, D. C., dated Feb. 10, 1926, bearing the symbols IT:CA:2555–8–60D or as indicated in

the report of the Revenue Agent in Charge at ———, dated ———.

"(Attach additional sheets if necessary)
"[Corporate seal to be affixed.]
> "E. E. Atkinson & Co.
> "(Name)
> "701 Nicollet Ave, Mnpls. Minn.
> "(Address)
> "By: Alfred M. Atkinson,
> "Vice Pres. & Treas.
> "H. E. Atkinson,
> "Vice Pres. & Secy.

"Dated February 13, 1926.

" * Where the taxpayer consents to the assessment of the entire amount of the deficiency shown by the letter from the Commissioner or as indicated in the report of the Revenue Agent in Charge, the items need not be listed; reference may be made to the letter or report.

"NOTE—This agreement is subject to the approval of the Commissioner and is not an agreement provided under section 1006, Revenue Act of 1924 (26 USCA § 1249 note)."

The waiver was not only as to a right to appeal under section 274 (a) of the Revenue Act of 1924 (26 USCA § 1048 note) but with respect to this particular proposed assessment. The taxpayer also consented to an immediate assessment. There was only one right of appeal. This was waived. And the consent to an immediate assessment rendered the extension of any period within which such a deficiency assessment might be made immaterial so far as this taxpayer is concerned.

The comments by Judge Wilbur in the case of Mutual Lumber Co. v. Poe (C. C. A.) 44 F.(2d) 922, on the requirements to effect a waiver of the restrictions provided by section 274 (a) of the Revenue Act of 1924, have no application to the facts here, as the fact situation is not at all similar. In that case no notice of a determination by the Commissioner of a deficiency assessment had been given and the written waiver there under discussion did not contain an assent to an immediate assessment.

■ It is also the contention of the taxpayer that the written consent as above was invalid because it is not shown to have had the approval of the Commissioner. We are of the opinion that the contention by appellant that consent thereto was not given by the Commissioner is captious. There is no requirement in the law that any such consent should be in writing, and, if such provision

were present, it would be an administrative requirement only. Florsheim Bros. Co. v. United States, supra. It can be assumed that where a taxpayer consents to the full assessment proposed by the Commissioner and promptly pays the same, or a large portion thereof, that the consent to such a procedure was approved by the Commissioner.

We have given full consideration to the several technical reasons raised by appellant why the waivers and consent given by him are invalid, but find no merit in any of them.

The action of the trial court in sustaining defendant's motion to dismiss, and entering judgment in favor of the defendant, is affirmed.