## MUTUAL LUMBER CO. v. POE, Collector of Internal Revenue.

### No. 6220.

District Court, W. D. Washington, S. D.
March 25, 1932.

Charles E. McCulloch, Ivan F. Phipps, and Carey, Hart, Spencer & McCulloch, all of Portland, Or., for plaintiff.

Anthony Savage, U. S. Atty., of Seattle, Wash., John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash., and John R. Wheeler, Sp. Atty., Bureau of Internal Revenue, of Seattle, Wash., for defendant.

CUSHMAN, District Judge (after stating the facts as above).

The plaintiff contends: " * * * " That the statutory period for assessment as extended by the waiver filed under section 278 (c) of the Revenue Act of 1924 [26 USCA § 1060 note], on November 14, 1925, expired

December 31, 1926; that the Commissioner of Internal Revenue was not at any time prohibited from making assessment of such deficiencies; and that there was no suspension of the running of the statute of limitations."

Section 274, subdivision (d), 44 Stat. part 2, page 56 (title 26, USCA § 1048b), provides: "(d) The taxpayer shall at any time have the right, by a signed notice in writing filed with the commissioner, to waive the restrictions provided in subdivision (a) of this section on the assessment and collection of the whole or any part of the deficiency."

There is no express provision of the act, upon the filing of such a waiver, that forbids the Commissioner proceeding as provided in section 274, subdivision (a), of the act (title 26 USCA § 1048). Unless such prohibition is to be implied, plaintiff must fail in its suit.

It has been contended that section 274, subdivision (j), of the act, title 26, USCA, § 1053, shows such intent. This section provides: "(j) Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax (or, if the tax is paid in installments, from the date prescribed for the payment of the first installment) to the date the deficiency is assessed, or, in the case of a *waiver under subdivision (d) of this section, to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier."* (Italics the Court's.)

By specifying in the foregoing the one particular effect of such waiver to the prejudice of the United States, that is, the stopping of interest after thirty days, the implication is rather that no other effect to the disadvantage of the government follows upon such a waiver than the loss of interest.

It has been contended, in effect, that although the Commissioner might have made a jeopardy assessment as provided by section 279 of the act (title 26, USCA, § 1051), he was without authority to give the notice of deficiency which postponed the date of limitation of assessment. No provision has been pointed out so indicating. No such intent is shown by section 274, subdivision (a), title 26, USCA, § 1048. The language of that section is: "(a) If in the case of any tax-

payer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. * * *"

The section of the act regarding jeopardy assessments, section 279, subdivision (b) and subdivision (c) provides:

"(b) If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under subdivision (a) of section 274, then the Commissioner shall mail a notice under such subdivision within 60 days after the making of the assessment.

"(c) The jeopardy assessment may be made in respect of a deficiency greater or less than that notice of which has been mailed to the taxpayer, despite the provisions of subdivision (f) of section 274 and whether or not the taxpayer has theretofore filed a petition with the Board of Tax Appeals. The Commissioner shall notify the Board of the amount of such assessment, if the petition is filed with the Board before the making of the assessment or is subsequently filed, and the Board shall have jurisdiction to redetermine the entire amount of the deficiency and of all amounts assessed at the same time in connection therewith."

The quoted language shows that section 274 and 279 provide a procedure not alternate, but, in cases where there is a jeopardy assessment, rather in its nature concurrent. Mutual Lumber Co. v. Poe (C. C. A.) 44 F. (2d) 922–924.

It has been further contended, in effect, that because of the waiver there was no need for the deficiency notice; that it was an empty form and that, being so, it did not have the effect of extending the time within which the assessment might be made.

This contention fails unless the Commissioner was bound to accept as a sufficient compliance with the law (section 274, subdivision (d) the written waiver of plaintiff.

In reviewing the former decision of this court, the Circuit Court of Appeals called attention to the fact that the waiver of the taxpayer did not conform to the statute (section 274, subdivision (d), title 26, USCA, § 1048b). Mutual Lumber Co. v. Poe (C. C. A.) 44 F.(2d) 922–924.

It will be noted that this section does not prescribe the form of such waiver. It merely gives the taxpayer the right, by written notice filed with the Commissioner, to "waive

the restrictions provided in sub-division (a)," section 274.

It appears that a form of waiver has been provided in such cases. In the Commissioner's notice to plaintiff of deficiency it is stated:

"If you acquiesce in this determination and do not desire to file a petition with the United States Board of Tax Appeals, you are requested to execute a waiver of your right to file a petition with the United States Board of Tax Appeals on the *enclosed Form A,* and forward it to the Commissioner of Internal Revenue, Washington, D. C., for the attention of IT:CR:D–60D–JAPF. In the event that you acquiesce in a part of the determination, the waiver should be executed with respect to the items to which you agree.
"Respectfully,
"D. H. Blair, Commissioner.
"By C. R. Nash,
"Assistant to the Commissioner."
*Inclosures:* Statement. *Form. A.* Form 882.
(Italics the Court's.)

There can be no question of the authority of the Commissioner, with the approval of the Secretary, under a statute such as section 274, subdivision (d), to prescribe a form of waiver and, where it supplements and is not at variance with the statute, to require that it be used.

Section 1101 of the act, 44 Stat. 111 (title 26, USCA, § 1245), provides: "The Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, is authorized to prescribe all needful rules and regulations for the enforcement of the provisions of this title, and wherever the mode or time of assessing or collecting any tax which is imposed is not provided for, the said commissioner may establish the same by regulation."

Form A is not set out in either the amended agreed statement of facts or the supplemental agreed statement of facts.

Plaintiff's waiver of right to file a petition with the Board of Tax Appeals and consent to assessment of tax, it appears, was on form 870, revised July, 1926. Whether Form A and Form 870 are the same or not in no way appears in either statement. It does not, however, appear that this case should be decided upon this ground.

The defendant has contended that plaintiff's waiver of the right to file a petition with the Board of Tax Appeals was premature, in that at the time of its execution the Commissioner had not determined there was a deficiency.

The following appears in the supplemental agreed statement of facts: That at the time in question: "it was the practice and custom of the Commissioner of Internal Revenue, upon receipt in his office of an executed Form 870, waiving a taxpayer's right to file a petition with the United States Board of Tax Appeals and consenting to the assessment and collection of a deficiency in taxes in the amount or amounts determined by said Commissioner of Internal Revenue to be correct, to make assessment of said deficiency without sending to such taxpayer a formal notice of deficiency pursuant to section 274 (a) of the Revenue Act of 1926, provided the Internal Revenue Agent's report was acceptable to the said Commissioner of Internal Revenue."

In view of the foregoing it is clear that this contention of the defendant is not tenable.

It does not follow, however, that plaintiff is entitled to recover. At the time plaintiff's waiver was received in the office of the Commissioner (December 11, 1926), there remained but twenty days of the time allowed to assess the tax under the terms of the first waiver, unless there was a notice of deficiency. No doubt in the ordinary case where there would be ample time before the statute of limitations, as extended, ran, the Commissioner in his discretion, if he approved of the Internal Revenue Agent's report as to the deficiency upon which the waiver and consent to assess and collect was based, would proceed without a notice of deficiency, to assess and collect the tax; but where, as in this case, there was so little time remaining, he was not bound to act upon the assumption that the waiver was in all things regular. Plaintiff might repudiate the authority of its agent to execute the waiver.

In the statement accompanying the Commissioner's notice of deficiency appears the following: "Due to the fact that the statute of limitations will presently bar an assessment of additional tax against you for the years 1920 and 1921, the Bureau will be unable to afford you an opportunity under the provisions of Treasury Decision 3867 to discuss your case before mailing formal notice of its determination as provided by section 274 (a) of the Revenue Act of 1926. It is, therefore, necessary, at this time, in order to protect the interests of the government, to issue this formal notice of deficiency."

If the Commissioner, in a reasonable exercise of his discretion, did not consider the time remaining would, in the orderly conduct of the affairs of his office, suffice for the consideration and determination of the sufficiency of the waiver, his was the authority to reject or ignore the waiver and give notice of the deficiency, an incident of which was the extension, after mailing the notice, for 120 days of the time for assessing the tax. Chapter 27, § 277, 44 Stat. 58, chapter 852, §§ 503, 504 (a), 45 Stat. 869, 870 (title 26, USCA, § 1057).

Judgment will be for the defendant.

Proposed findings of fact and conclusions of law have been submitted by both parties. The findings of fact, conclusions of law, and judgment will be settled upon notice.

The clerk will notify the attorneys for the parties of this decision.