**MUTUAL LUMBER CO. v. POE, Internal Revenue Collector.**

No. 6985.

Circuit Court of Appeals, Ninth Circuit.

Sept. 6, 1933.

Charles E. McCulloch, Ivan F. Phipps, and Carey, Hart, Spencer & McCulloch, all of Portland, Or., for appellant.

Anthony Savage, U. S. Atty., of Seattle, Wash., Joseph A. Mallery, Asst. U. S. Atty., of Tacoma, Wash., and Jeffrey Heiman, Asst. U. S. Atty., of Seattle, Wash. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and John R. Wheeler, Sp. Atty., Bureau of Internal Revenue, of Seattle, Wash., of counsel), for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

SAWTELLE, Circuit Judge.

This was an action to recover from the appellee additional income and profits taxes for 1920 and 1921, assessed against the appellant on March 5, 1927, and paid to the appellee under protest on April 27, 1927.

This cause has come before this court for the second time. The first appeal resulted in an affirmance of the judgment of the District Court; the collector of internal revenue being then, as now, the appellee. After the decision of this court, the appellant filed with the Supreme Court a petition for a writ of certiorari. By agreement, however, it was decided by the parties to resubmit the cause to the trial court on an amended and corrected statement of facts. The decision of this court on the first appeal is reported in 44 F.(2d) 922.

Pursuant to a stipulation by the parties, an order was entered by this court on June 11, 1931, recalling the mandate theretofore issued, vacating the judgment theretofore entered here, and reversing the judgment of the trial court, which is reported in (D. C.) 30 F. (2d) 130. The foregoing orders of this court are reported in 50 F.(2d) 1079, 1080. The mandate on reversal directed the lower court to consider any new evidence and render judgment on the merits.

The cause was tried de novo before the District Court on an amended agreed statement of facts and a supplemental agreed statement of facts. A jury was waived by written stipulation, and the case was submitted to the court for its decision on the agreed facts. The District Court again found for the

appellee, and made and entered findings of fact and conclusions of law in his favor. Thereafter a judgment was entered based on such findings and conclusions, a "memorandum decision" having been previously filed. 57 F.(2d) 305, 309. From that judgment, the taxpayer has appealed.

Although there are ten assignments of error, only the following is being "urged or considered" by the taxpayer on this appeal: "The court erred in making and entering judgment herein against the plaintiff [appellant] * * * for the reason that said judgment is not supported by the amended agreed statement of facts and supplementary agreed statement of facts * * *, and for the further reason that said judgment is not supported by the findings of fact. * * * "

Summarized, the facts found which are undisputed, are as follows:

The appellant filed its income and profits tax returns for 1920 and 1921 on April 14, 1921, and June 15, 1922, respectively. By waiver filed with the Commissioner of Internal Revenue on November 14, 1925, the appellant and the Commissioner agreed that any assessment of additional income or profits taxes due from the appellant for 1920 or 1921 might be made at any time prior to December 31, 1926. On November 23, 1926, the appellant was furnished with a copy of a second supplemental, and final, report of the internal revenue agent in charge, at Seattle, Wash., covering the appellant's tax liability for those two years. That report showed total deficiencies of $28,175.61.

At the suggestion of the internal revenue agent in charge, made at the time the above-mentioned report was furnished to the appellant, the latter signed and filed with the said agent the following "Waiver of Right to File a Petition with the United States Board of Tax Appeals," dated December 2, 1926:

"The undersigned taxpayer hereby waives the right to file a petition with the United States Board of Tax Appeals under section 274 (a) of the Revenue Act of 1926, and consents to the assessment and collection of a deficiency in tax for the year or years of 1920 & 1921 aggregating $28,175.61, as indicated in the statement of the Internal Revenue Agent in Charge at Seattle, Washington, dated November 23, 1926."

This waiver was received by the Commissioner of Internal Revenue at Washington, D. C., on December 11, 1926.

By letter dated December 1, 1926, the Commissioner requested that the appellant execute and file additional waivers of the statute of limitations, extending to December 31, 1927, the time for assessment of additional 1920 and 1921 taxes. By letter of December 10, 1926, the appellant declined to execute such additional waivers, and advised the Commissioner that it had signed the form 870, being the waiver set out above, and had forwarded it to the internal revenue agent in charge, at Seattle.

On December 16, 1926, the Commissioner sent to the appellant a 60-day deficiency letter setting forth the asserted deficiencies for 1920 and 1921. The assessment of such additional taxes was not made until March 5, 1927. The assessment was for the aggregate principal sum of $28,175.61, the same amount as that appearing in the agent's report.

On the former appeal, this court held the appellant's waiver of December 2, 1926, was not filed with the Commissioner, as required by law. In the amended agreed statement of facts, however, which was filed in the court below after the case came here on the first appeal, it was stipulated that the waiver was received in the office of Commissioner on December 11, 1926, and that, after some office routing, on December 16, 1926, the waiver was marked "Cl. 26, 12–16–26," "indicating that it was placed in [to] Class 26, which means that the matter was considered closed by a deficiency letter already mailed to the taxpayer."

Although the appellant asserts that the judgment of this court on the first appeal was entered "upon an issue which has now been disposed of by an amended stipulation of the facts," elsewhere in its brief the appellant states that "The ultimate issue, whether the running of the statute of limitations on assessment of the additional taxes here involved was suspended and the statutory period for assessment extended beyond December 31, 1926, remains the same. * * * " This latter statement is correct, as will be seen from the following language in the decision of this court in the first appeal: "The sole question presented by the record, as stated by the appellant, is whether or not the statutory period of limitation for the assessment of such taxes had expired at the time assessment was made, on March 5, 1927."

While the appellant is in error in its first statement as to the issue before this court on the two appeals, it is correct in its assertion that "the questions upon which the determination of such issue depends are now limited to two."

Those two questions are:

(1) Whether the running of the statute was suspended by the mailing of the 60-day notice of deficiency on December 16, 1926, after the appellant had filed with the Commissioner a purported waiver of all restrictions on assessment of the additional taxes.

(2) Whether the Commissioner was prohibited from making the assessment at any time, in view of section 279, infra.

Counsel are agreed that the case turns on the interpretation of certain provisions of the Revenue Act of 1926 (sections 274 (a, d), 277 (b), 279 (a, b), being 26 USCA §§ 1048, 1048b, 1051 (a, b), and § 1057 note).

Section 274 (a). "If in the case of any taxpayer, the commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in section 1048b or 1048d of this title [subdivision (d) or (f) of this section] or in section 1051, 1063, 1071, or 1224 [279, 282, or 1001] of this title, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the board, until the decision of the board has become final. Notwithstanding the provisions of section 154 of this title [3224 of the Revised Statutes] the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

Section 274 (d). "The taxpayer shall at any time have the right, by a signed notice in writing filed with the commissioner, to waive the restrictions provided in section 1048 of this title [subdivision (a) of this section] on the assessment and collection of the whole or any part of the deficiency."

Section 277 (b). "The running of the statute of limitations provided in this section or in section 1061 [278] of this title on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under section 1048 of this title [subdivision (a) of section 274]) be suspended for the period during which the commissioner is prohibited from making the as-

sessment or beginning distraint or a proceeding in court, and for 60 days thereafter."

Section 279 (a). "If the commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay, he shall immediately assess such deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) and notice and demand shall be made by the collector for the payment thereof."

Section 279 (b). "If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 1048 of this title [subdivision (a) of section 274], then the commissioner shall mail a notice under such section [subdivision] within 60 days after the making of the assessment."

In its memorandum decision, the court below bottomed its judgment upon the following ground: "If the Commissioner, in a reasonable exercise of his discretion, did not consider the time remaining would, in the orderly conduct of the affairs of his office, suffice for the consideration and determination of the sufficiency of the waiver, his was the authority to reject or ignore the waiver and give notice of the deficiency, an incident of which was the extension, after mailing the notice, for 120 days of the time for assessing the tax. [Statutes cited.]"

In our view of the case, it is not necessary for us to pass upon the correctness of this holding. In the case of Yangtsze Rapid S. S. Co. v. Deutsch-Asiatische Bank, 59 F.(2d) 8, 12, this court said: "It is not necessary that a judgment be affirmed for the precise reasons that seemed controlling in the lower court. In McCloskey v. Pacific Coast Co., 160 F. 794, 801, 22 L. R. A. (N. S.) 673, the late Judge Gilbert of this court said: 'But notwithstanding that the theory upon which the court below awarded its injunction may have been erroneous, the injunction must not be disturbed if in the pleadings and the proofs we may discover any tenable ground upon which it may be sustained.' [Cases cited.]"

The question that we regard as determinative of the instant case is whether or not the purported waiver of right to file an appeal, signed by the appellant, was valid. If it was invalid, necessarily the filing of the document could not affect the Commissioner's right to mail a deficiency letter and to derive the benefit of the consequent suspension of the statute of limitations.

Section 274 (a), supra (26 USCA § 1048), contains the initial and important condition,

"If in the case of any taxpayer, the commissioner determines that there is a deficiency in respect of the tax imposed by this chapter," etc.

This condition, set out at the very beginning of the section, assuredly qualifies all the other provisions contained in such section.

One of those provisions is subdivision (d), § 274 (26 USCA § 1048b), upon which the appellant chiefly relies. Reading that subdivision in the light of the foregoing condition specifically set forth in subdivision (a), we are impelled to the conclusion that the taxpayer's "right" "to waive the restrictions provided in section 1048 of this title [subdivision (a) of this section]" is qualified by the condition specified in the very subdivision (a) just referred to, namely, "if in the case of any taxpayer, the commissioner determines that there is a deficiency in respect of the tax," etc. If there is *no* determination of deficiency by the Commissioner, there is no right of appeal for the taxpayer to waive; for the provisional report of an internal revenue agent cannot be made the basis of an appeal. This is clear from the terms of the subsection itself, which computes the time allowed for the filing of a petition with the Board of Tax Appeals, not from the mailing of an *agent's* report but from the mailing of the *Commissioner's* notice of deficiency.

The appellant places heavy reliance upon E. E. Atkinson & Co. v. Willcuts (C. C. A.) 52 F.(2d) 1. While there are several points of difference between that case and the case at bar, it is sufficient to advert to the one pointed out in the Atkinson decision itself: "The comments by Judge Wilbur in the case of Mutual Lumber Co. v. Poe (C. C. A.) 44 F.(2d) 922, on the requirements to effect a waiver of the restrictions provided by section 274 (a) of the Revenue Act of 1924 [26 USCA § 1048 note], have no application to the facts here, as the fact situation is not at all similar. In that case no notice of a determination by the Commissioner of a deficiency assessment had been given and the written waiver there under discussion did not contain an assent to an immediate assessment." Page 4 of 52 F.(2d).

For this reason, we hold that the purported waiver was filed with the Commissioner before the latter had found any deficiency, was therefore premature, and was powerless to prevent the Commissioner's resort to a letter of deficiency, by which the running of the statute was suspended.

We are aware that the court below came to the conclusion that the waiver was not premature. The District Judge based his view upon the following stipulation in the supplemental agreed statement of facts: " * * * It was the practice and custom of the Commissioner of Internal Revenue, upon receipt in his office of an executed Form 870, waiving a taxpayer's right to file a petition with the United States Board of Tax Appeals and consenting to the assessment and collection of a deficiency in taxes in the amount or amounts determined by said Commissioner of Internal Revenue to be correct, to make assessment of said deficiency without sending to such taxpayer a formal notice of deficiency pursuant to section 274 (a) of the Revenue Act of 1926, provided the Internal Revenue Agent's report was acceptable to the said Commissioner of Internal Revenue."

Granting that such was the custom and that the practice of an executive department charged with administering a statute has great weight with the courts, such practice is not binding upon a judicial tribunal in the face of the plain terms of the statute. These terms we have already analyzed elsewhere in this opinion. As we have already stated, we need not rely, in our affirmance of the judgment of the court below, upon the grounds that seemed controlling to that court.

We turn finally to the second point urged by the appellant, namely, that the Commissioner was not prohibited from making the assessment at any time after December 2, 1926, and that the running of the statute of limitations was therefore not suspended, because the Commissioner had a right to make a jeopardy assessment under section 279, supra.

Stated more fully, the appellant's position is this: "Under section 279, the Commissioner was authorized to make a jeopardy assessment against plaintiff [appellant]. The Board of Tax Appeals and the courts have held that the Commissioner has a right to make a jeopardy assessment where the statute is about to expire, and his action is not subject to review by the Board or by the courts. Regardless of all other questions in this case, it cannot be questioned that the Commissioner had a right to make a jeopardy assessment of the deficiency claimed, and since he was not prohibited from making the assessment the 60-day [120-day?] extension under section 277 (b) does not apply, and the assessment on March 5, 1927, was illegal."

It will be seen that the text of sections 277 (b) and 279 (b) specifically refers to section 274 (a), and that, conversely, the text of section 274 (a) refers to section 279. It is clear,

908

therefore, that all three sections are to be read together, and, if possible, harmonized.

Now it would be pointless for section 274 (a) to prescribe limitations upon the power of the Commissioner to make assessments and for section 277 (b) to provide that these limitations shall be taken into consideration in computing the running of the statute of limitations, and then, on the other hand, for section 279 (a) to provide that *in any case* the Commissioner should disregard the above limitations, and proceed to make a jeopardy assessment.

The Commissioner is authorized to make a jeopardy assessment if he "believes that the assessment or collection of a deficiency will be jeopardized by delay." But in this case the Commissioner had no grounds for believing there was need for a jeopardy assessment, and he did not in fact make such assessment.

Referring to the Commissioner's right to make a jeopardy assessment, the appellant says: "Before the Commissioner invokes the right to assess he must believe that the collection of the deficiency will be jeopardized by delay. His belief is uncontrolled. He may or may not believe, but if he does, his right to assess forthwith is absolute."

Conversely, the Commissioner's right to believe that there is *no* such danger of delay as to warrant the making of a jeopardy assessment must similarly be "uncontrolled."

In the instant case, the Commissioner had the right to assume that the provisions of section 277 (b), suspending the running of the statute of limitations, would remove any "jeopardy" of delay. Section 277 (b) would give him 120 days from the day on which the letter of deficiency was mailed. This would be ample for making an assessment, particularly in view of the fact that the agent at Seattle had made a preliminary computation, which the Commissioner "found acceptable."

The only jeopardy that could have existed would have arisen from the assumptions that Congress had intended to nullify the provisions of sections 274 (a) and 277 (b), by making it obligatory upon the Commissioner to resort to a jeopardy assessment, even in cases where he believed that the suspension of the statute of limitations provided for in section 277 (b)—by reference to section 274 (a)—would give him ample time in which to make an assessment of the deficiency in the ordinary manner. We do not assume that Congress intended such nullification, and we have been directed to no authority for such assumption.

Section 279 was intended to provide the Commissioner with an *emergency* expedient in assessing deficiencies, in those cases where, in his belief, the assessment or collection of a deficiency would be jeopardized by delay. We cannot conceive of this section as intending to deprive him of the suspension of the statute of limitations provided by section 277 (b), which in turn refers to the "restrictions" on the Commissioner's power set forth in 274 (a).

Accordingly, we hold that the judgment of the lower court should be affirmed.

WILBUR, Circuit Judge (concurring).

I adhere to the view tentatively advanced in the opinion heretofore rendered in this matter with reference to the requirements of the waiver provided for by section 274 (d), supra, namely, that the waiver must conform to the requirements of section 274 (d) and not only waive the right of an appeal but also waive the notice of the deficiency. See former opinion 44 F.(2d) 922, 924 (2, 3). Perhaps this may be done after the notice of deficiency has been given by waiving the right of appeal and also expressly consenting to an immediate assessment as held by the Circuit Court of Appeals of the Eighth Circuit in the case of E. E. Atkinson & Co. v. Willcuts, 52 F.(2d) 1, where the taxpayer had consented to an immediate assessment and afterward claimed that the assessment made was premature because made within the 60-day period after the deficiency notice allowed by the Revenue Act of 1926, which Revenue Act of 1926 became effective after the notice of delinquency had been given. The appellant claims that by waiving his right of appeal and consenting to the assessment he so far altered the legal situation that the Commissioner could no longer follow the statute which required him to wait 60 days after his notice of deficiency before making the assessment, but that it was his duty to do so at once, failing in which the assessment made at the time and in the manner required by the statute, in the absence of a waiver, was void because made too late. In order to thus alter the course of procedure outlined in the statute, it was necessary for the taxpayer to invoke a different statutory procedure than that outlined by the statute in the absence of a waiver by conforming on his part to the legislative requirement that he execute a waiver in the manner and form required of him, whereupon, having thus conformed on his part to the statute, the duties of the Commissioner were correspondingly altered by the statute. His consent to something different from that permitted by the statute would not

be effective to alter the duties of the Commissioner. Indeed the appellant's whole case is built upon the theory that, although he expressly consented to an assessment in the amount assessed (less interest) and paid the amount so assessed, that tax is void because the Commissioner did not assess the tax within the time fixed by statute, in view of his consent and waiver. In the absence of an express waiver of the notice of deficiency or of consent to an immediate assessment I am of opinion that it was the duty of the Commissioner to proceed according to the statute and that he did so.

It is to be noted that the assessment made included interest amounting to $2,190.21 in addition to the amount of the assessment consented to by the taxpayer, and that he filed a claim in abatement after paying the latter amount. He might well claim that his waiver was based upon the smaller amount and probably did so. I do not place my concurrence on this ground because the amount agreed to was the principal amount assessed and the assessment according to the statute bore interest.

For the reasons stated, I concur in the affirmance of the judgment.