J. Friedman & Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Buckeye Clothing Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

La Belle Clothing Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Famous Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 17003–17006.   Promulgated June 24, 1929.

*Louis Caplan, Esq.,* for the petitioners.
*H. L. Jones, Esq.,* for the respondent.

## OPINION.

MURDOCK: The petitioner contends that the assessments for the year 1920 were made too late. It will be noted that these assessments were made in March, 1926. On February 26, 1926, the Revenue Act of 1926, was approved. It provided in section 277 (a) (3):

The amount of income, excess-profits, and war-profits taxes imposed by the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, the Act entitled "An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes," approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any

such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

The petitioners contend that their returns for the periods as set out in our findings of fact above were prepared at the office of J. Friedman & Co. in Pittsburgh, and were mailed from there on February 28, 1921, and in the ordinary course of the mails would have reached their destinations at Parkersburg, W. Va., at Columbus, Ohio, and at Cleveland, Ohio, on or about the first of March, 1921, or in any event before March 4, 1921, and therefore the assessments were made more than five years after the returns were filed. In this connection it is interesting to note that the Revenue Act of 1918, section 250 (d), provided that the amount of tax due under any return should be determined and assessed by the Commissioner within five years after the return was *due* or was *made*, whereas the later acts provide that the tax shall be determined and assessed within a certain number of years after the return was *filed*.

Statutes of limitations sought to be applied to bar the rights of the Government must receive a strict construction in favor of the Government. *E. I. Dupont De Nemours & Co.* v. *Davis*, 264 U. S. 456; *August Belmont Hotel Co.*, 15 B. T. A. 1215. In other cases it might be important to decide exactly when returns are filed within the meaning of the revenue acts, but in the present case it is not necessary to decide and we do not decide when the returns in question were filed or whether some of them were proper returns to start the running of the statute of limitations. Cf. *Sam Satovsky*, 1 B. T. A. 22, and other similar cases decided by this Board. See also *Edward M. Lawrence*, 3 B. T. A. 40; *Lawrence* v. *Ham*, 19 Fed. (2d) 643.

The petitioners had the burden of proving that assessment was barred by the statute of limitations contained in the Revenue Act of 1926, and they have failed to sustain this burden. Their evidence on this point consisted solely of the testimony of a witness who at the time had been the bookkeeper for J. Friedman & Co. She testified that she prepared the returns of the various companies for 1920. She was then shown certain memoranda on the outside of packets containing duplicates of income-tax returns which she testified she had made at the time she prepared the returns and sent them to the various collectors. On the envelope containing the duplicate returns of J. Friedman & Co. she said there was such a memorandum made by her. After examining this she stated that the return for 1920 was mailed to the collector of internal revenue at Parkersburg, W. Va., on February 28, 1921. From similar memoranda she stated that the return for the Buckeye Clothing Company for 1921 was mailed to the collector of internal revenue at Columbus, Ohio, on February 28, 1921, and the returns for the La Belle Clothing Co.

and the Famous Company were mailed on the same date to the collector of internal revenue at Cleveland, Ohio. On cross-examination she stated that, except for the memoranda, she could not tell on what date the returns were mailed to the various collectors; that she did not recollect anything with reference to placing the returns in a mail box. This was substantially the extent of her testimony. It was apparent that the witness had no present recollection at the time she testified of the details or dates of mailing the various returns in question. From the circumstance that the witness made these memoranda at or about the time that the returns were made, we are asked to infer that the returns were actually and properly mailed on the 28th day of February, 1921, and reached the collectors in due course. This evidence falls short, however, of establishing the fact that the returns were properly mailed on this date. In Wigmore on Evidence, Second Edition, vol. 1, sec. 95, the rule upon which the petitioner relies is stated as follows:

The fixed methods and systematic operation of the Government's postal service have been long conceded to be evidence of the due delivery to the addressee of mail matter placed for that purpose in the custody of the authorities. The conditions are that the mail matter shall appear to have conformed to the chief regulations of the service, namely, that it shall have been sufficiently prepaid in stamps, correctly addressed and placed in the appropriate receptacle.

In the present case we have no testimony that the returns were sufficiently prepaid in stamps, that they were correctly addressed, or that they were placed in the appropriate receptacle, so we can not find as a fact on what day they were mailed or when in due course they would have reached the collectors. Furthermore, following the testimony of this witness, the Commissioner offered in evidence the returns of the four petitioners which he had received. Each of these returns bore a stamp and each stamp purported to show the date on which the returns had been received at the office of the collector of internal revenue to which it had been sent. The two returns sent to Cleveland, Ohio, and the one sent to Parkersburg, W. Va., were each stamped as if they had been received on March 5, 1921, while that sent to the collector of internal revenue, Columbus, Ohio, was stamped as if it had been received March 8, 1921. This proof offered by the Commissioner, from which we might infer that the returns were filed on the dates shown, is certainly as strong as the proof offered by the petitioners, and in this state of the record we can not find as a fact that the returns were filed within the meaning of the Revenue Act of 1926, more than five years before the date on which the taxes were assessed. See *William A. Richards*, 15 B. T. A. 800. Cf. *Conrad Hardware Co.*, 8 B. T. A. 512. Therefore, we must sustain the Commissioner on this point.

The four petitioners filed separate returns, but the Commissioner determined that they were affiliated for the years 1920 and 1921 and

computed their respective tax liabilities accordingly. The petitioners contend that the Commissioner erred in this.

Section.240 (b) of the Revenue Act of 1918 and section 240 (c) of the Revenue Act of 1924 are as follows:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated * * * (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

In the present case it appears that the same four individuals during the taxable years owned 99⅗ per cent of the stock of J. Friedman & Co., 99 per cent of the stock of the Buckeye Clothing Co., and 95⅚₁ per cent of the stock of the Famous Company, and that during the year 1920 they owned 93 per cent of the stock of the La Belle Clothing Co., and, for the year 1921, 3 per cent of the remaining 6 per cent of the stock of this corporation not owned by the same four individuals was held as treasury stock. We think that, within the meaning of the revenue acts in question, these petitioners owned substantially all of the stock of these corporations. We do not see how any different conclusion could be reached under the clear wording of the above quoted sections of these Acts. Under the Revenue Act of 1918 and the Revenue Act of 1921, for any taxable year before January 1, 1922, corporations were required to make consolidated returns, and on this basis their taxes were to be computed and determined if they were affiliated. We sustain the Commissioner's determination in so far as the question of affiliation is concerned.

The Commissioner at the time of the hearing confessed that he had erred in adding $2,750 to the consolidated net income of the companies for 1920. So that he may have an opportunity to correct this error.

*Judgment will be entered under Rule 50.*