**WASHINGTON COAL & COKE CO. v. HEINER, Collector of Internal Revenue.**

**No. 4615.**

Circuit Court of Appeals, Third Circuit.

Dec. 31, 1931.

William W. Booth, W. A. Seifert, and Smith, Shaw, McClay & Seifert, all of Pittsburgh, Pa., for appellant.

Louis E. Graham, U. S. Atty., and John A. McCann, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Frederick W. Dewart, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

This was a suit by the taxpayer to recover taxes alleged to have been illegally collected by the government. The court held with the government. The taxpayer appealed.

Without cumbering this opinion with details which are already set forth in that of the court below, it suffices, for decision purposes, to say the crucial question was thus stated by the trial judge: "If the agreement of December 5, 1925 did not extend the time for collection from March 15, 1926, to December 31, 1926, the taxes paid were illegally collected from plaintiff and it would be entitled to recover the same with interest. If the agreement included collection, plaintiff would not be entitled to recover. Does the word 'assessment' include 'collection'?"

Such waiver is:

"Income and Profits Tax Waiver For Taxable Years Ended Prior To January 1, 1922

"December 7, 1925.

"In pursuance of the provisions of existing Internal Revenue Laws Washington Coal

& Coke Company, a taxpayer of Dawson, Pennsylvania, and the Commissioner of Internal Revenue hereby waive the time prescribed by law for making any assessment of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of said taxpayer for the year 1918 under existing revenue acts, or under prior revenue acts.

"This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926."

On hearing, the trial court, on its own analysis of the acts of the parties, the status of the tax proceedings, and in light of Stange v. United States, C. C. H. Tax Service, 1929, Vol. III, p. 8965, and Roy & Titcomb, Inc., v. United States, C. C. H. Tax Service, 1930, Vol. III, p. 8357, held "I conclude that the agreement of December 7, 1925, extended the time for collection until December 31, 1926, and, therefore, that the Statute of Limitations was not a bar at the time the taxes were paid."

After full argument and due consideration had, we reach the same conclusion. Therefore the judgment below is affirmed.