## McCARTHY CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 7638.

Circuit Court of Appeals, Ninth Circuit.
Dec. 9, 1935.

Raymond R. Hails and John A. Jorgenson, both of Los Angeles, Cal., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Ellis N. Slack, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

GARRECHT, Circuit Judge.

According to a formal stipulation of facts filed before the Board of Tax Appeals in the instant case, the petitioner, within the time required by law, filed income tax returns for the years 1923, 1924, 1925, and 1926, and paid the income taxes shown to be due by such returns. Only the taxes for 1924, 1925, and 1926 are here in question.

On or before February 1, 1929, the petitioner executed a waiver extending the time within which any income taxes found to be due for the years 1924–1925 might be assessed to December 31, 1929.

During the year 1929, the internal revenue agent in charge at Los Angeles, Cal., caused an audit to be made of the income tax returns filed by the petitioner for the years 1923, 1924, 1925, and 1926, and, as a result of such audit, determined that there were deficiencies in the taxes for those years as follows:

1923 .........................$ 5,881.91
1924 ......................... 11,266.32
1925 ......................... 1,247.73
1926 ......................... 270.73

Subsequently to such audit, and on or about October 23, 1929, the petitioner executed a waiver of right to file a petition to the United States Board of Tax Appeals and executed a consent to the assessment and collection of the deficiencies above set forth, and delivered such waiver and consent to the internal revenue agent in charge at Los Angeles.

Under date of November 25, 1929, the Commissioner directed a letter to the McCarthy Company, 1031 South Broadway, Los Angeles, making reference to the report of the internal revenue agent in charge at San Francisco, covering the examination of the petitioner's books for the years 1922 to 1926, inclusive, indicating deficiencies in taxes of $18,666.69, pointing out that the statutory period of limitations for the years 1924 and 1925 would expire December 31, 1929, and that the Bureau would be compelled to issue a final notice of deficiency for those years unless agreements extending the statutory period for assessment were executed and filed.

On December 27, 1929, the respondent mailed a registered letter to "McCarthy & Co., 1031 South Broadway, Los Angeles, Cal.," a copy of which letter was attached to the petitioner's pleadings before the Board. The letter was delivered to the petitioner herein, and accepted by it. It was intended for the petitioner, and the directing of the letter to "McCarthy & Co." was an error of the respondent.

The petitioner's correct taxable net income for the year 1924 is $243,821.60, and the tax computed thereon is $30,477.70, of which sum the petitioner has paid $19,211.38.

The correct taxable net income for 1925 is $152,837.51, and the tax computed thereon is $19,868.87, of which the petitioner has paid $18,621.14.

The correct taxable net income for 1926 is $113,736.77, and the tax computed thereon is $15,354.46, of which the petitioner has paid $15,083.73.

Pursuant to the determination of the Board, as set forth in its memorandum opinion, there was handed down a decision declaring deficiencies as follows: 1924, $11,266.32; 1925, $1,247.73; 1926, $270.73.

From that decision by the Board, the taxpayer has filed a petition for review before this court.

In its brief, the petitioner relies upo the following specifications of error:

1. The Board erred in failing to hold that there was no valid extension of time for the assessment of deficiencies for 1924 and 1925, because the record fails to show that any such extension was delivered to the respondent or accepted by him in writing, at any rate before the limitations had expired; in failing to hold that, if the extension was valid, the time for assessment expired in any event on December 31, 1929; and in failing to hold that the statute of limitations had run as to both 1924 and 1925 deficiencies.

2. The Board erred in failing to hold that the petitioner had executed and delivered to the respondent valid consents to the assessment of the 1924 and 1925 deficiencies prior to December 31, 1929, and therefore that the right to make deficien-

cy assessments for those years expired, in any event, December 31, 1929, so that no deficiencies could be found or assessed for those years; and the Board erred in failing to hold that since the petitioner had consented to the 1926 deficiency on October 23, 1929, or, in any event, on November 25, 1929, the statute of limitations prevented a finding or assessment of deficiency for 1926 after March 15, 1930.

3. The Board erred in failing to hold that notice of deficiency sent to "McCarthy & Co." was not notice to the petitioner, "the McCarthy Company," and that such notice was ineffectual for any purpose; and in failing to hold that therefore the statute of limitations had run as to all deficiencies, and that the Board was without jurisdiction to find any deficiency.

We will consider each of the petitioner's propositions seriatim.

The first specification of error involves only the taxes for 1924 and 1925. As the petitioner points out, the statutory limitation for the assessment of income taxes for 1924 is four years. Since the return in question was filed on March 15, 1925, the limitation, but for the waiver of February 1, 1929, would have expired on March 15, 1929. The period of limitation for 1925 is three years from the date on which the return is filed, which in this case was on March 15, 1926. Therefore, but for the waiver, the period of limitation for the tax for 1925 would likewise have expired on March 15, 1929. Section 200 (a) and section 277 (a) (1, 2) of the Revenue Act of 1926, 44 Stat. 10, 58, 26 U.S.C.A. §§ 48, 275 notes.

The question therefore turns on the validity of the waiver of February 1, 1929.

The petitioner contends that "there was no stipulation or evidence that the extension was delivered to or filed with the Commissioner or any other agency of the Government, or that the Commissioner 'consented in writing', as required by law."

We are not impressed with the petitioner's objections to the waiver. In the first place, the stipulation sets forth that the petitioner "executed" the waiver. In California, as elsewhere, it is settled that "execution" includes "delivery." Section 1933 of the Code of Civil Procedure of California reads as follows:

"The execution of an instrument is the subscribing and delivering it, with or without affixing a seal."

See, also, Le Mesnager v. Hamilton, 101 Cal. 532, 539, 35 P. 1054, 40 Am.St. Rep. 81 (mortgage); Williams v. Kidd, 170 Cal. 631, 151 P. 1, 8, Ann.Cas.1916E, 703 (deed); Van Valkenburgh v. Oldham, 12 Cal.App. 572, 579, 108 P. 42 (note and mortgage); White v. Hendley, 35 Cal. App. 267, 275, 169 P. 710 (deed); Washington Finance Corporation v. Glass, 74 Wash. 653, 661, 134 P. 480, 46 L.R.A.(N. S.) 1043 (note); Aldrich v. Public Opinion Pub. Co., 27 S.D. 589, 132 N.W. 278, 282 (appeal bond).

As to the necessity for the Commissioner's consent in writing, in this Circuit it is settled that such consent is not necessary in order to give validity to a taxpayer's waiver of the statute of limitations. In Commissioner v. Hind, 52 F. (2d) 1075, 1078, we said:

"It seems that, since the provision relative to the Commissioner's signature, as held by the Supreme Court, was for 'purely administrative purposes,' his failure to sign the waiver of February 25, 1926, did not render such waiver invalid."

It should be borne in mind that, when there is a prima facie showing that the statute of limitations has not expired, the burden is upon the taxpayer to come forward with proof to satisfy the court that the taxing arm of the government should be stayed. As was said by Mr. Justice Sutherland in DuPont De Nemours & Co. v. Davis, 264 U.S. 456, 462, 44 S. Ct. 364, 366, 68 L.Ed. 788, "Statutes of limitation sought to be applied to bar rights of the government, must receive a strict construction in favor of the government." See, also, Jones v. Commissioner, 18 B.T.A. 1225, 1227; J. Friedman & Co. v. Commissioner, 16 B.T.A. 1119, 1122; Nicholson v. Commissioner, 22 B.T.A. 744, 746; Loewer Realty Co. v. Anderson, 31 F.(2d) 268, 269 (C.C.A.2) certiorari denied 280 U.S. 558, 50 S.Ct. 17, 74 L.Ed. 613; Bowers v. N. Y. & Albany Lighterage Co., 273 U.S. 346, 347, 349, 47 S.Ct. 389, 71 L.Ed. 676.

Next, the petitioner argues that "the extension, if any, agreed only to assessment before December 31, 1929," and that "there is no evidence or stipulation that the taxpayer consented to a mere determination of deficiency within such time, and assessment afterward."

The courts, however, repeatedly have held contrary to the petitioner's contention. In Stange v. United States, 282 U.S. 270,

277, 51 S.Ct. 145, 148, 75 L.Ed. 335, where a similar waiver was under consideration, Mr. Justice Brandies said:

"The parties cannot have intended to have the amount of the tax ascertained and to leave the taxpayer free to pay it or not. They clearly contemplated the entire procedure necessary to determination and collection of the tax."

See, also, Aiken v. Burnet, 282 U.S. 277, 282, 51 S.Ct. 148, 75 L.Ed. 339; Brown & Sons Lumber Co. v. Burnet, 282 U.S. 283, 287, 51 S.Ct. 140, 75 L.Ed. 343; United States v. Southern Lumber Co. (C. C.A.8) 51 F.(2d) 956, 961, certiorari denied 284 U.S. 680, 52 S.Ct. 197, 76 L.Ed. 574; Washington Coal & Coke Co. v. Heiner (D.C.) 42 F.(2d) 681, 684, 685, affirmed 55 F.(2d) 229 (C.C.A.3); Sabin v. United States (Ct.Cl.) 44 F.(2d) 70, 77; Atlas Securities Co. v. Commissioner (C.C.A.8) 58 F.(2d) 214, 215; Crucible Steel Casting Co. v. Commissioner (C. C.A.7) 66 F.(2d) 82, certiorari denied 290 U.S. 695, 54 S.Ct. 131, 78 L.Ed. 598.

We hold, therefore, that the waiver of February 1, 1929, was valid; that it extended the time for not only "assessment," but also "determination" of the tax until December 31, 1929; and that, therefore, the respondent's sixty-day letter of December 27, 1929, constituted a timely "determination" of the petitioner's tax liability, from which he could and did appeal to the Board, which therefore had jurisdiction.

█ What we have said with reference to the first specification of error relied upon largely disposes of the second, which it will be seen covers much of the ground taken in by the first. In addition, however, the petitioner complains of the "useless act" of the Commissioner in sending to the taxpayer a notice of deficiency, on December 27, 1929, after the petitioner had, on October 23, 1929, executed a waiver of right to file a petition to the Board and a consent to the assessment and collection of the deficiencies for the years 1923, 1924, 1925, and 1926.

It has already been decided by this court that a waiver or consent of that kind, filed before the Commissioner has sent a notice of deficiency, is premature and therefore invalid. In Mutual Lumber Co. v. Poe (C.C.A.) 66 F.(2d) 904, 907, certiorari denied, 290 U.S. 706, 54 S. Ct. 373, 78 L.Ed. 606, the late Judge Sawtelle said:

"If there is no determination of deficiency by the Commissioner, there is no right of appeal for the taxpayer to waive; for the provisional report of an internal revenue agent cannot be made the basis of an appeal. This is clear from the terms of the subsection itself, which computes the time allowed for the filing of a petition with the Board of Tax Appeals, not from the mailing of an agent's report but from the mailing of the Commissioner's notice of deficiency. * * *

"For this reason, we hold that the purported waiver was filed with the Commissioner before the latter had found any deficiency, was therefore premature, and was powerless to prevent the Commissioner's resort to a letter of deficiency, by which the running of the statute was suspended."

█ The petitioner also points out that he "alleged before the Board, and the Commissioner admitted in his answer, that no assessment of the 1924 and 1925 taxes has been made 'within the period prescribed by law as such period was extended by the waiver hereinbefore referred to.'" This is not tantamount, however, to an admission by the Commissioner that a valid assessment was never made. It is merely an assertion that an assessment was not made prior to December 31, 1929. As we have already shown, the notice of deficiency was mailed within the statutory limit, as extended by the waiver of February 1, 1929, and the petitioner seasonably appealed therefrom.

The "subsection" referred to in the excerpt from Judge Sawtelle's opinion in Mutual Lumber Co. v. Poe, supra, which we have just set out, is section 274 (a) of the Revenue Act of 1926, 44 Stat. 55, 26 U.S.C.A. § 272 note, which reads in part as follows:

"If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint

or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final."

As the petitioner points out, section 200 (a) of the Revenue Act of 1926, supra, provides that "the first taxable year, to be called the taxable year 1925, shall be the calendar year 1925 or any fiscal year ending during the calendar year 1925."

Section 283 (a) of the Act of 1926, 44 Stat. 63, provides that income taxes "computed" under the Revenue Act of 1924 shall be "assessed, collected, and paid in the same manner and subject to the same provisions and limitations * * * as in the case of a deficiency in the tax imposed by this title, except as otherwise provided in section 277 of this Act."

Since the sending out of a notice of deficiency is clearly one of the steps connected with the assessment, collection, and payment of an income tax, the provisions of section 274 (a) of the 1926 act, supra, apply to the deficiency in the 1924 tax as well as to the 1925 and 1926 deficiencies.

Section 504 of the Revenue Act of 1928 (45 Stat. 870, 26 U.S.C.A. § 277 note) is as follows:

"(a) Section 277 (b) of the Revenue Act of 1926 is amended to read as follows:

" '(b) The running of the statute of limitations provided in this section or in section 278 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 274) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Board, until the decision of the Board becomes final), and for 60 days thereafter.'

"(b) Subsection (a) of this section shall apply in all cases where the period of limitation has not expired prior to the enactment of this Act."

■■■ Accordingly, the Commissioner had ample time within which to make assessments of deficiencies for all the taxes herein involved, after December 31, 1929. Under the presumption of regularity, we cannot assume, at the taxpayer's behest, that the Commissioner failed to perform his duty. It is the duty of an appellant to bring up a record that affirmatively shows error. This the petitioner has failed to do; for the stipulation is silent as to the making of assessments after December 31, 1929. The Commissioner's admission covers the absence of assessments only "within the period prescribed by law as such period was extended by the waiver hereinbefore referred to"; i. e., a period ending on December 31, 1929.

■■■ The third specification of error attacks the respondent's notice of deficiency on the ground that it was addressed to "McCarthy & Co." instead of "the McCarthy Company." The stipulations, however, show that the letter of the Commissioner was sent to the correct address, that it was delivered to the petitioner, and that it was accepted by the petitioner. The copy of the deficiency notice attached to the petition in this case stated that a copy of the notice had been furnished to the attorney whose name is signed to the brief filed before us, and the Board so found. The Board further found that it was "quite evident that the taxpayer was in no way misled by the notice and clearly understood it to be one in respect to its tax liability for the years in question." The first sentence of the petition filed before the Board prays for a redetermination of the deficiency set forth in the very notice that the petitioner claims was misdirected.

In view of such record, and of such uncontradicted findings by the Board, we regard the petitioner's criticism of the address as too microscopic to merit extended discussion.

Relying upon a number of recent decisions by Circuit Courts of Appeals, in the case of Haag v. Commissioner (C.C.A.7) 59 F.(2d) 516, 518, the court said:

"These cases hold that although the notice was not directed to the proper party, nevertheless if it appeared that the proper party had received the notice or that the party who succeeded to the title of the party filing the return had received the notice, it was sufficient."

See, also, Burnet v. San Joaquin Fruit & Investment Co. (C.C.A.9) 52 F.(2d) 123, 128; Commissioner v. New York Trust Co. (C.C.A.2) 54 F.(2d) 463, 465, certiorari denied 285 U.S. 556, 52 S.Ct.

457, 76 L.Ed. 945; Commissioner v. Oswego Falls Corp. (C.C.A.2) 71 F.(2d) 673, 677.

The decision of the Board is affirmed.