FRANK A. GRAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21337. Promulgated January 31, 1951.

*Emmett E. Eagan, Esq.*, for the petitioner.
*Cyrus A. Neuman, Esq.*, for the respondent.

LEECH, *Judge:* Section 124, Internal Revenue Code, provides for the allowance of a deduction with respect to amortization over a period of 60 months of the adjusted basis (for determining gain) of any emergency facility. Subsection (e) defines emergency facility as follows:

(1) EMERGENCY FACILITY.—As used in this section, the term "emergency facility" means any facility, land, building, machinery, or equipment, or part thereof, the construction, reconstruction, erection, installation, or acquisition of which was completed after December 31, 1939, and with respect to which a certificate under subsection (f) has been made. * * *

Subsection (f) of section 124, *supra*, provides:

(1) There shall be included only so much of the amount otherwise constituting such adjusted basis as is properly attributable to such construction, reconstruction, erection, installation, or acquisition after December 31, 1939, as either the Secretary of War or the Secretary of the Navy has certified as necessary in the interest of national defense during the emergency period, which certification shall be under such regulations as may be prescribed from time to time by the Secretary of War and the Secretary of the Navy, with the approval of the President.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(3) The certificate provided for in paragraph (1) shall have no effect unless an application therefor is filed before the expiration of six months after the beginning of such construction, reconstruction, erection or installation or the date of such acquisition, or before December 1, 1941, whichever is later, except that—

\*　　\*　　\*　　\*　　\*　　\* ·　　\*

(B) in the case of an emergency facility completed or acquired after December 31, 1939, by a person other than a corporation, such certificate shall have no effect unless an application therefor is filed before the expiration of six months after the beginning of such construction, reconstruction, erection, or installation or the date of such acquisition, or before the expiration of six months after the date of the enactment of the Revenue Act of 1942, whichever is later.

The Revenue Act of 1942 was enacted on October 21, 1942, and the 6 months period with which to file an application for certificate of necessity accordingly expired on April 21, 1943.

Respondent, by Regulations 111, section 29.124–1, in accordance with the provisions of section 124, *supra*, provided that the certification by the certifying officer that a facility is necessary in the interest of national defense during the emergency period shall have no effect—

(c) in the case of an emergency facility completed or acquired after December 31, 1939, by a person other than a corporation, unless an application therefor is filed before the expiration of six months after the beginning of the construction, reconstruction, erection, or installation of such facility or the date of its acquisition, or before April 24, 1943, whichever is later.

Here no certificate of necessity has ever issued with respect to the facilities whose cost the petitioner here seeks to amortize. Even if

such certificate had issued and the application therefor had been filed after the expiration of the statutory period, such certificate would have been null and void by reason of the express language of the statute, and no allowance of amortization could be made. *American Twist Drill Co.*, 11 T. C. 200.

Here we have the question often raised in the past as to the actual date of filing. The application for certificate of necessity was put in the United States mails at Detroit, Michigan, on April 21, 1943, which manifestly was the last day for its filing under the terms of the statute. It could not, even in due course of the mails, have reached the certifying officer for filing by him prior to the expiration of the statutory period. As a matter of fact, it was not received until April 23, 1943, two days after the expiration of the period. The general rule is clear that where the statute provides for the "filing" as of a certain date, the document must be received by the office with which it is to be filed not later than such date. It can not be considered as filed merely by its being mailed within the statutory period. *United States v. Lombardo*, 241 U. S. 73; *Poynor v. Commissioner*, 81 Fed. (2d) 521; *Barron Estate Co. v. Commissioner*, 93 Fed. (2d) 751; *Lewis-Hall Iron Works v. Blair*, 23 Fed. (2d) 972, certiorari denied, 277 U. S. 592.

The case of *William Howard Doriss et al.*, 3 T. C. 219, has no application. That case involved the question of the timely filing of an estate tax return. The respondent had, by his regulations, authorized the acceptance by collectors of returns as timely filed in those cases where it was shown they were mailed by the taxpayer in time to be received in the ordinary course of business in the collector's office. The validity of this regulation was not contested, and the sole question presented was whether or not the return upon the record was mailed at such a time that it would have been received in the collector's office in the normal course of business. In that case it was found that the return had been delivered into the custody of employees of the collector's office prior to the close of business on the last day but had not been opened and stamped "filed" until the following day. It was held that the return had been timely filed within the provisions of the Commissioner's regulations. In the present case the regulations of the Secretary of War with respect to the filing of applications for certificates of necessity provide:

7. Place and time of filing of application; making of election.—An application for a necessity certificate is filed when received at the office of the certifying authority in Washington, D. C.  [7 Fed. Reg. 4235]

It is clear to us that petitioner's application for a certificate of necessity was not timely filed. Petitioner's counsel urges that even though not filed on or prior to the last day permitted, the delinquency is of such a short period that the petitioner not be penalized by a strict

application of the statute, as the amount involved is large and a great hardship will result. In answer to that we may merely say that this Court is without equity jurisdiction. On the other hand there is another reason why the petitioner's contention here can not be accepted. The allowance of a claimed deduction for amortization could not be granted by the respondent or the action of the respondent reviewed by this Court unless a certificate of necessity had in fact issued. Even if we agreed with the petitioner's contention that his application for a certificate of necessity was timely filed, the existence of jurisdiction in this Court to take any action toward allowing the deduction for amortization of these facilities would be doubtful, to say the least. We have no authority to determine whether the facilities in question were necessary in the interest of national defense during the emergency, and certainly we have no jurisdiction to order the Secretary of War to issue this certificate of necessity. Thus if we agreed with petitioner in his contention that his application was timely filed, such determination without his certificate would be wholly without effect.

*Decision will be entered for the respondent.*