Joseph P. and Catherine Monaghan v. Commissioner.
Monaghan v. Commissioner
Docket No. 41734.
United States Tax Court
T.C. Memo 1957-34; 1957 Tax Ct. Memo LEXIS 218; 16 T.C.M. (CCH) 159; T.C.M. (RIA) 57034; February 26, 1957
*218 Petitioners filed their tax return on March 16, 1949. The notice of deficiency was mailed to them on March 15, 1952. Held: the notice of deficiency was mailed within three years after the return was filed. Held further: respondent's disallowance of deductions claimed by petitioners sustained. Joseph P. Monaghan, Esq., 208 Metals Bank Building, Butte, Mont., for the petitioners. Gordon N. *219 Cromwell, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined a deficiency in the income tax of petitioners for the year 1948 in the amount of $434.46. The questions for decision are (1) whether the deficiency was determined within three years after petitioners' return for 1948 was filed, and (2) whether respondent erred in disallowing certain deductions claimed by petitioners. Findings of Fact Joseph P. Monaghan is, and at all times material herein was, a practicing attorney in Butte, Montana. Monaghan an his wife, Catherine, filed a joint income tax return for the year 1948 with the collector of internal revenue for the district of Montana. The return was received in the office of the collector of internal revenue on March 16, 1949. The return disclosed adjusted gross income of $3,889.85, net income of $2,851.16, and income tax liability of $74.88. On their return for 1948 petitioners claimed as business expense Federal excise tax incurred in the purchase of a new automobile. Petitioners also claimed depreciation on the same automobile for 1948, using a cost basis which included the Federal excise tax. *220 Petitioners purchased the car on September 2, 1948, and deducted full depreciation for twelve months. Respondent allowed depreciation for four months of 1948 based on the cost shown on petitioners' return and the percentage of business use to which the automobile had been put. Respondent disallowed in its entirely the deduction for Federal excise tax. On their income tax return for 1948 petitioners further claimed as deductions (1) bad debt losses, (2) expenses for the promotion of good will, and (3) the value of legal services alleged to have been performed for their church in 1948 as a charitable contribution. Respondent disallowed all of these deductions. Respondent also reduced the medical deduction claimed on petitioners' return to conform to the increase in adjusted gross income which resulted from determination of the deficiency. On March 15, 1952, respondent mailed the notice of deficiency to petitioners. The notice of deficiency was mailed within three years after petitioners' return was filed. Opinion Petitioners' principal contention is that the deficiency is barred by the three year period of limitation, section 275(a), Internal Revenue Code of 1939. [1] They argue *221 that the deficiency notice mailed to them on March 15, 1952, should have been mailed on March 14, 1952. They further insist that because 1952 was a leap year an extra day intervened so that March 15 of an ordinary year became March 16 in 1952 and that the notice of deficiency was not timely for this reason. Finally, it is urged that the three year period must begin on March 15, 1949, rather than March 16 of that year because it is claimed that the return was mailed on March 15, 1949. The period of limitation begins to run only after the filing of the return. Helvering v. Campbell, (C.A. 4, 1944), 139 Fed. (2d) 865, affirming a Memorandum Opinion of this Court [1 TCM 47,]. However, a return filed before the last day prescribed by law for the filing thereof shall be considered as filed *222 on the last day. Section 275(f), Internal Revenue Code of 1939. But if the return is delinquent, the period of limitation runs from the time of filing. Paul Haberland, 25 B.T.A. 1370. In computing the period of limitation, the day on which the return was filed, or the due date if the return was filed prior thereto, is excluded. Burnet v. Willingham Loan & Trust Co., 282 U.S. 437. Petitioners claim that the return was mailed on March 15, 1949, and that the period of limitation began to run with that date. Section 275(a) of the Internal Revenue Code of 1939 provides, however, that income taxes shall be assessed within "three years after the return was filed." The general rule is that where a statute provides for the "filing" as of a certain date, the document must be received by the office with which it is to be filed not later than such date. It cannot be considered as filed merely by its being mailed with the statutory period. Frank A. Gray, 16 T.C. 262, 266 (Appeal to C.A. 6, dismissed). There were no unusual circumstances shown herein which might except this case from the general rule. Cf. Crude Oil Corp. v. Commissioner, 161 Fed. (2d) 809, *223 reversing 6 T.C. 648; W. Howard Doriss, 3 T.C. 219. In fact petitioners offered none of the evidence, customary in such cases, showing that the return was placed in a stamped envelope, correctly addressed and placed in an appropriate mailing receptacle, the approximate hour of mailing, or how long it customarily took mail deposited in Butte, petitioners' place of residence, to reach Helena, the place where the collector's office is located, to be delivered to the collector's office. The return which is in evidence bears a stamp showing it was received in the office of the collector for the district of Montana on March 16, 1949. Accordingly we have found as a fact that petitioners' return was filed on March 16, 1949. See J. Friedman & Co., 16 B.T.A. 1119. Excluding the day on which the return was filed, it is clear that the mailing of the notice of deficiency on March 15, 1952, was within three years after the return was filed. This result is not changed by the fact that 1952 was a leap year. Section 275(a) is phrased in terms of "years" as that term is commonly understood, and not in terms of a 365-day year. Moreover, even assuming that the *224 additional day appearing in the 1952 calendar is significant and that March 15, 1952 was in actuality March 16 because of leap year, the notice of deficiency was nevertheless timely because the computation of the three year period begins with March 17, 1949. Burnet v. Willingham Loan & Trust Co., supra.
Petitioners' further argument that the period of limitation must run from January 15 because of the necessity for filing declarations of estimated tax on that date is without merit. Even if a final return is filed in January in lieu of an amended declaration of estimated tax, the period of limitation does not run from that date but only from the due date of the final return. Harry B. Sidles, 19 T.C. 1114. The second question is whether respondent erred in disallowing certain deductions claimed by petitioners on their return. At the hearing, petitioners offered no evidence as to the deductibility of bad debt losses, promotion of good will or depreciation on an automobile. Since they have failed to carry their burden of overcoming the presumption of correctness accompanying the respondent's determination, the respondent's action in disallowing those deductions *225 is sustained. In support of their deduction of Federal excise tax incurred upon the purchase of an automobile, petitioners offered in evidence the bill of sale which disclosed that they paid Federal tax in the amount of $105.30 on September 2, 1948. The excise tax was included as a part of the cost of the automobile and will be recovered through the depreciation allowed by respondent. It is not here deductible as an ordinary and necessary expense incurred in carrying on a trade or business. Section 23(c)(1)(F), Internal Revenue Code of 1939. Petitioners' claim that they are entitled to deduct as a charitable contr bution the value of legal services performed for their church must also fail. Petitioners' witness, Father O'Connor, was unable to testify with certainty that petitioners performed the services in 1948. Other evidence was apparently available but was not offered. Accordingly, even if the value of legal services in such circumstances would be deductible (see Mertens' Law of Federal Income Taxation, Vol. 5, sec. 31.05) the deduction must be disallowed here for failure of proof. Because of our holding that respondent's determinations were correct it follows that the deduction *226 claimed for medical expenses was properly reduced to account for the increase in adjusted gross income. Decision will be entered for the respondent. Footnotes
1. SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION. Except as provided in section 276 - (a) General Rule. - The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.↩