Estate of Josephine Mazzoni, Deceased, Peter Mazzoni, Executor, and Peter Mazzoni v. Commissioner. Charles J. Runzo and Lena Runzo v. Commissioner.
Estate of Mazzoni v. Commissioner
Docket Nos. 4823-67, 4824-67.
United States Tax Court
T.C. Memo 1970-144; 1970 Tax Ct. Memo LEXIS 218; 29 T.C.M. (CCH) 624; T.C.M. (RIA) 70144; June 8, 1970, Filed Edmund W. Ridall, Jr., and G. Gray Garland, Jr. 308 Frick Bldg.,Pittsburgh, Pa., for the petitioners. Cecil H. Hass, Gary L. Stansbery, *219 and John T. Tissue, for the respondent. TANNENWALD
Supplemental Memorandum Opinion TANNENWALD, Judge: In connection with the Rule 50 proceeding, it appears that our prior Memorandum Opinion, dated February 10, 1970 T.C. Memo. 1970-37), did not determine whether the 1956 joint Federal income tax return of Charles and Lena Runzo was timely filed and whether the fraud penalty for that year should attach to the entire tax liability or the amount of the underpayment. Section 6653(c)(1). [1] In that opinion, we found as a fact that the return was stamped so as to indicate receipt by the district director of internal revenue, Pittsburgh, Pennsylvania, on April 17, 1957.
*220 The year in question is prior to the application to returns of the so-called "timely mailing treated as timely filing" rule embodied in section 7502(a). See Pub. L. 89-713, 80 Stat. 1107 (Nov. 2, 1966). Consequently, we are governed by the general rule that where a statute provides for filing as of a certain date, the document must be received by the appropriate office not later than the specified date. Frank A. Gray, 625 16 T.C. 262, 266 (1951). The return was due on April 15th of the year following the taxable year in question (section 6072(a)), and we have no evidence that any extension of time for filing was requested or granted. We take judicial notice that April 15, 1957, was a Monday and was not a legal holiday, so there can be no question of the applicability of section 7503. The return may have been mailed within the statutory period, but mailing alone did not satisfy the filing requirement prior to the enactment of Pub. L. 89-713, supra. Phinney v. Bank of Southwest National Ass'n., Houston, 335 F. 2d 226 (C.A. 5, 1964); Frank A. Gray, supra. Petitioners, who have the burden of proof on this issue, have introduced no evidence, and therefore *221 we are not confronted with the situation of Crude Oil Corp. v. Commissioner, 161 F. 2d 809 (C.A. 10, 1947), reversing 6 T.C. 648 (1946), where the taxpayer presented proof of mailing in sufficient time to reach the appropriate Collector's office within the normal course of the mails by the statutory date. See Conlorez Corp., 51 T.C. 467, 473 (1968). Accordingly, the fraud penalty for the year 1956 should be computed upon the Runzos' tax liability for that year rather than upon the amount of the underpayment. See Cirillo v. Commissioner, 314 F. 2d 478, 484 (C.A. 3, 1963). An appropriate computation shall be submitted in accordance with this opinion and our prior opinion. Footnotes
1. All references, unless otherwise specified, are to the Internal Revenue Code of 1954, as amended. SEC. 6653. FAILURE TO PAY TAX. * * * (c) Definition of Underpayment. - For purposes of this section, the term "underpayment" means - (1) Income, Estate, and Gift Taxes. - In the case of a tax to which section 6211 (relating to income, estate, and gift taxes) is applicable, a deficiency as defined in that section (except that, for this purpose, the tax shown on a return referred to in section 6211(a)(1)(A) shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return, determined with regard to any extension of time for such filing), and * * *↩