MAURICE ROGERS, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rogers v. Commissioner
Docket No. 23698-92
United States Tax Court
T.C. Memo 1995-113; 1995 Tax Ct. Memo LEXIS 124; 69 T.C.M. (CCH) 2124; March 21, 1995, Filed *124 Decision will be entered under Rule 155. Maurice Rogers, Jr., pro se. For respondent: Ursula P. Gee and Thomas E. Carter. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)
6653(a)(1)
6653(a)(2)
6654
1980
$ 26,624
$ 6,656
$ 1,331
---
---
$ 1,704
1981
7,928
1,982
--- $ 396
[1]
461
1982
1,870
467
--- 93
[1]
182
1983
11,438
2,859
--- 572
[1]
699
1984
12,630
3,085
--- 631
[2]
770
1985
4,485
1,121
--- 224
[3]
257
All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. At trial, respondent conceded the deficiency and additions to tax for 1980. In her posttrial brief, respondent conceded the deficiency and additions to tax for 1982. After giving *125 effect to the aforementioned concessions, the issues remaining for decision are: (1) Whether petitioner filed (as he claims) or failed to file (as respondent asserts) Federal income tax returns for 1981, 1983, 1984, and 1985; and if we determine that petitioner failed to file tax returns for the aforementioned years, then (2) whether petitioner is liable for income tax deficiencies, with additions to tax for failure to file pursuant to section 6651(a), for negligence pursuant to section 6653(a), and for failure to pay estimated tax pursuant to section 6654, for 1981, 1983, 1984, and 1985, as determined by respondent. FINDINGS OF FACT Petitioner resided in North Hollywood, California, at the time he filed his petition. He attended college for several years, although he did not graduate. In college, petitioner studied business law and accounting. During the years in issue, petitioner worked as a commercial real estate broker. During 1981 and 1982, he worked for Paul Elis and Company (Paul Elis). After Paul Elis ceased doing business in December 1982, he worked for Merrill Lynch Realty. Petitioner received Forms 1099 reporting commissions, interest, and gambling winnings paid *126 to him in 1981-1985 as follows: Source
1981
1982
1983
1984
1985
Paul Elis & Co.
$ 25,259
[1] $ 9,605
$ 16,500
--- ---  Mitsui Mfg. Bank
50
--- --- --- ---  First Bank
--- 17
--- --- ---  Merrill Lynch Realty
--- --- 18,956
$ 37,008
$ 17,893
Encino S/L
--- --- 65
--- ---  Bank of L.A.
--- --- --- 119
---  Oak Tree Racing
--- --- --- 1,456
---  TOTAL
$ 25,309
$ 9,622
$ 35,521
$ 38,583
$ 17,893
Respondent has no record of having received Federal income tax returns from petitioner for years 1981-1985. As a result, respondent reconstructed petitioner's income for these years based on information reflected on the Forms 1099 sent to petitioner. Petitioner claims he filed returns for all the years in issue. *127 Prior to trial, respondent conducted a nationwide search of the Internal Revenue Service's (IRS) computer records to determine whether petitioner filed income tax returns for 1981-1985. This search indicated that petitioner did not file returns for these years. In December 1980, petitioner engaged the accounting firm of Morse, Kimmel & Burstein to assist in the preparation of his tax returns. In a letter to petitioner, dated November 4, 1982, Lawrence D. Morse (Morse) of Morse, Kimmel & Burstein inquired as to the status of petitioner's 1981 income tax return. Along with his letter, Morse enclosed a photocopy of a Research Institute of America article pertaining to an individual's intentional failure to file income tax returns. In a subsequent letter to petitioner, dated October 24, 1985, Morse encouraged petitioner to complete his past due returns. ULTIMATE FINDINGS OF FACT 1. Petitioner did not file Federal income tax returns for the years 1981-1985. 2. Petitioner received nonemployee compensation, interest, and gambling winnings in 1981-1985 as follows: 1981
-
$ 25,309
1982
-
1,839
1983
-
35,521
1984
-
38,583
1985
-
17,893
OPINION Issue *128 1. Whether Petitioner Filed Returns
Generally, taxes must be assessed within 3 years after the last day prescribed by law for filing the return on which the tax is reported, or, if later, within 3 years after the return is filed. Sec. 6501(a). Where no return is filed, the tax may be assessed at any time. Sec. 6501(c)(3). Respondent determined that petitioner failed to file Federal income tax returns for 1981, 1983, 1984, and 1985. Petitioner contends that he timely filed those returns. Petitioner therefore argues that the period of limitations for assessing his tax liability for the years in issue had expired by the time respondent issued the statutory notice of deficiency. Respondent contends that because petitioner never filed tax returns for the years in issue, the period of limitations on assessment never began to run. Respondent conducted a nationwide search to determine whether petitioner filed returns for the years in issue. Although it is possible that one of petitioner's returns could have been lost in the mail or by the IRS, the fact that the search failed to disclose a filing for 1981, 1983, 1984, or 1985 is convincing evidence that the returns were not filed. *129 See . Respondent has introduced into evidence letters from petitioner's accountant to petitioner urging petitioner to complete his past due tax returns. Petitioner has not produced copies of any returns for the years in issue. Petitioner's only evidence that the returns in question were filed is his own testimony, which we do not believe. We have found as an ultimate fact that petitioner did not file Federal income tax returns for 1981-1985. Therefore, we hold that the period of limitations on assessment never began to run, and respondent's notice of deficiency was timely. Petitioner offered no evidence to dispute the amount of income that respondent determined he received in 1981, 1983, 1984, or 1985. Accordingly, we sustain respondent's determination as to the deficiencies in tax for 1981, 1983, 1984, and 1985. Issue 2. Additions to Tax
Petitioner failed to present any evidence that would show that respondent's determination of the additions to tax was incorrect. Thus, he has failed to meet his burden of proof. See Rule 142(a). Accordingly, we sustain respondent's determination that *130 petitioner is liable for the additions to tax for failure to file pursuant to section 6651(a), for negligence pursuant to section 6653(a), and for failure to pay estimated tax pursuant to section 6654, for 1981, 1983, 1984, and 1985. To reflect the foregoing and concessions by respondent, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on the deficiency.↩
2. 50 percent of the interest due on $ 7,928.↩
3. 50 percent of the interest due on $ 1,870.↩
1. Of the $ 9,605 reported on the Form 1099, only $ 1,822 represents commissions petitioner earned during 1982. The difference represents amounts advanced to petitioner by Paul Elis during 1982. Because petitioner's income for 1982 did not exceed the threshold amount required to file a Federal income tax return ($ 3,300), respondent conceded the deficiency and additions to tax for 1982. ↩