112 F.3d 517
 79 A.F.T.R.2d 97-2560, 97-1 USTC P 50,428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maurice ROGERS, Jr., Petitioner-Appellant
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 95-70730.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided April 23, 1997.
 
 Before: PREGERSON, REINHARDT, WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rogers appeals from the decision of the tax court affirming the IRS's notices of deficiencies and additions for the years 1981, 1983, 1984, and 1985. We have jurisdiction under 26 U.S.C. § 7482(a)(1), and we AFFIRM.
 
 I. The Statute of Limitations
 
 3
 Generally, taxes must be assessed within three years after the return in question was filed. 26 U.S.C. § 6501(a). Where no return is filed, however, the IRS may assess the tax at any time. Id. at § 6501(c)(3). The ultimate burden of persuasion on the statute of limitations defense rests with the taxpayer. McCarthy Co. v. Commissioner, 80 F.2d 618, 620 (9th Cir.1935).
 
 
 4
 We review the factual findings of the tax court for clear error. Kelley v. Commissioner, 45 F.3d 348, 350 (9th Cir.1995). The evidence supports the tax court's conclusion that Rogers did not file income tax returns for 1981, 1983, 1984, and 1985. As explained by the tax court:
 
 
 5
 Respondent conducted a nationwide search to determine whether petitioner filed returns for the years in issue. Although it is possible that one of petitioner's returns could have been lost in the mail or by the IRS, the fact that the search failed to disclose a filing for 1981, 1983, 1984, or 1985 is convincing evidence that the returns were not filed. See Grosshandler v. Commissioner, 75 T.C. 1, 17 (1980). Respondent has introduced into evidence letters from petitioner's accountant to petitioner urging petitioner to complete his past due tax returns. Petitioner has not produced copies of any returns for the years in issue. Petitioner's only evidence that the returns were filed is his own testimony, which we do not believe.
 
 
 6
 Rogers v. Commissioner, 69 T.C.M. (CCH) 2124, 2125 (1995).
 
 
 7
 Rogers provides little more than mere argument that we should believe his claim that he indeed filed returns for each year from 1981 through 1985. The tax court is not required to believe a taxpayer's testimony, however. Keogh v. Commissioner, 713 F.2d 496, 502 (9th Cir.1983). Rogers further claims that he cannot be expected to produce complete tax files because (1) the files are old; (2) the files had been split; (3) the files were damaged by water; and (4) the files were prepared by two different CPAs. He provides no further details or evidence to support these claims. Rogers's specific contentions regarding certain tax years are no more persuasive. Evidence of two payments for estimated taxes, in 1980 and 1982, and evidence of a tax credit for 1984 does not show that tax returns were filed or that the actual tax obligation was paid for each year from 1981 through 1985.
 
 
 8
 Rogers also asserts that his exhibit showing billing statements from his accountant's file should have been admitted because it showed he "was doing something relevant to [his] taxes" during the relevant time period. Evidentiary rulings are reviewed for abuse of discretion and should not be reversed absent some prejudice. City of Long Beach v. Standard Oil Co., 46 F.3d 929, 936 (1995). The exhibit does not establish that any work was done on federal taxes for 1981 through 1985 simply because the accountant apparently did some work on his state taxes during that time period. Furthermore, several of the bills listed on his exhibit were for 1980 and December 1986. Particularly in light of correspondence from Rogers's accountant indicating that the accountant did not prepare federal returns for 1981 through 1985, the tax court did not abuse its discretion in refusing to admit the exhibit to show that Rogers "was doing something relevant to taxes."
 
 
 9
 Finally, Rogers makes the general allegation that the IRS "admittedly lost" Rogers's tax records, but this "admission" is found only in Rogers's brief. The IRS had made quite a different point--that it has no record of Rogers's tax returns in the relevant years. The IRS's inability to find any record of Rogers's tax returns in the relevant years is consistent with the Tax Court's conclusion that Rogers did not file any returns in those years.
 
 
 10
 Overall, it was not clear error for the Tax Court to find that no returns had been filed. Accordingly, his statute of limitations defense fails.
 
 
 11
 II. Calculation of Tax Liability for 1981 and 1983-85
 
 
 12
 Rogers also appeals the amount owed for each of these tax years. The tax court stated that Rogers offered no evidence to dispute the amount of the deficiencies or additions that the IRS determined as to taxable years 1981, 1983, 1984, and 1985. Rogers, 69 T.C.M. at 2126. Absent evidence from Rogers disputing these amounts, the tax court did not clearly err in entering its judgment in favor of the IRS.
 
 
 13
 Rogers raises the specific claim that his 1981 income should have been reduced by $3400 because it was a loan from Paul Elis, not income. Because this factual argument was not presented to the tax court, we will not consider it on appeal. See Spurlock v. FBI, 69 F.3d 1010, 1017 (9th Cir.1995).
 
 
 14
 Rogers does raise two issues related to his failure to produce evidence that require separate discussion. Ultimately, however, we do not conclude that he should prevail for either reason. First, he claims that the IRS "badgered" one of his CPA witnesses. Second, he claims that he did not produce additional evidence because the tax court judge stated that Rogers would be believed regarding all tax years without need for further evidence if he could prove that he had filed and paid the appropriate taxes for the 1980 and 1982 tax years.
 
 A. Alleged Witness "Badgering" by the IRS
 
 15
 After allegedly receiving assurances that the IRS would not talk with his witness, Rogers told the IRS that he intended to call Arno Vigen as a witness. Rogers claims that Vigen was the CPA who prepared and filed his taxes in 1984 and 1985. Rogers claims that the IRS then contacted Vigen. Rogers alleges that an IRS agent "convinced my CPA witness that he could not prove I filed my 1984 and 1985 taxes prepared by CPA Vigen."
 
 
 16
 Unless Rogers can show prejudice, he is not entitled to a new trial based on alleged witness tampering. See Maher v. Harris Trust & Sav. Bank, 75 F.3d 1182, 1191 (7th Cir.1996) (upholding refusal to grant motion for new trial because, inter alia, it concluded that the witness had not been intimidated into not testifying by the opposing attorneys); Lightning Lube, Inc. v. Witco Corp., 802 F.Supp. 1180, 1201 (D.N.J.1992) (finding no prejudice where witnesses testified in post-trial voir dire that their testimony was not "chilled" or altered by contact), aff'd 4 F.3d 1153 (3d Cir.1993).
 
 
 17
 Rogers's claim, even if believed, does not show prejudice. Rogers admits that Mr. Vigen still offered to appear at trial. Rogers then told Vigen not to appear at all if he had questions about whether he had prepared and filed the returns. The IRS did not prevent Vigen from appearing and Rogers does not contend that the IRS pressured Vigen not to testify fully and accurately or to produce relevant records. Nothing suggests Vigen could have shown at trial that Rogers did in fact file returns in 1984 and 1985. Thus, no prejudice occurred that requires reversal.
 
 B. Judge Jacobs's Alleged Assurances
 
 18
 Rogers claims that during the hearing on March 14, 1994, the judge said that if he proved two issues that he would be considered truthful as to all other disputed issues. He variously says the two items were either "the two questions--1980 and 1982" or two items related to 1980: that two checks were paid in 1980 and that Morse filed a 1980 Form 1040 on Rogers's behalf. In any event, Rogers claims that he concentrated on proving two things and he therefore expected that he would be believed for all the tax years in question.
 
 
 19
 The Tax Court expressly found Rogers's testimony not credible regarding the tax years 1981-85. Rogers, 69 T.C.M. at 2126. We find that the judge's assurances do not amount to a promise to Rogers that precludes the judge from disbelieving his testimony. The transcript of the March 14 hearing reveals that although the judge stated that proof regarding the 1980 return "would at least support" Rogers's claims regarding the other years, the judge did not excuse him from providing any proof for the other years in issue. Rogers admits that the IRS specifically stated that it intended to contest each year at issue. Similarly, Rogers admits in his brief that the judge told him at trial that if he did not present evidence at trial, that evidence would not count.
 
 III. Miscellaneous Claims
 
 20
 Rogers raises several other challenges to the proceeding below, but none justifies reversal. First, Rogers objects to the IRS issuing a notice of deficiency without having first conducted an audit or administrative hearing. This objection fails because the IRS is not required to conduct any hearing before issuing a notice of deficiency. Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988).
 
 
 21
 Second, Rogers states that he is entitled to prevail based on the "preponderance" of the evidence because he produced evidence in the majority of the disputed years to show that he filed federal returns and paid his required taxes. Rogers statements reflect a misconception. "Preponderance of the evidence" does not mean preponderance of the number of years in dispute. Rather, to prevail for each year in dispute, Rogers must show by preponderance of the evidence that he filed returns and paid the tax required for that year. That he failed to do.
 
 
 22
 Third, Rogers raised the concern that he did not receive a copy of a post-trial brief that the Tax Court cited in its memorandum decision. He notes that the Tax Court referred to Respondent's statement in "her post-trial brief." Rogers states that he received only an IRS brief from Mr. Carter. The reference to "her" seems to refer to Respondent: the Commissioner of Internal Revenue, Margaret Milner Richardson. Although Mr. Carter may have written the brief on her behalf, it is still "her" brief. Thus, we find no evidence that Rogers did not receive any relevant briefing from the IRS. Moreover, the Tax Court referred to the brief only to show that the IRS no longer disputed the 1982 tax year.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3